No. 33,472

CLARA M. CORYELL, *Appellee*, v. J. HERSCHEL HARDY, *Appellant* (THE MANHATTAN BUILDING, LOAN AND SAVINGS ASSOCIATION, and MINNIE MARSH WHITE, *Defendants*).

(72 P. 2d 457)

Opinion filed October 25, 1937.

*U. S. Weary*, of Junction City, for the appellant; *A. V. Roberts, Benjamin F. Hegler, Roger P. Almond* and *A. Verne Roberts*, all of Wichita, of counsel.

*I. M. Platt*, of Junction City, for appellee Clara M. Coryell; *James V. Humphrey* and *Arthur S. Humphrey*, both of Junction City, for appellee Minnie Marsh White.

The opinion of the court was delivered by

DAWSON, C. J.: This is a second appearance of this case in this court. (*Coryell v. Hardy*, 144 Kan. 194, 58 P. 2d 1151.) It was an action arising on a contract for the sale and purchase of a Junction City hotel for the sum of $105,000 on stipulated periodical payments, and involved therein were the rights of holders of first and second mortgages on the property. The pertinent facts were narrated at length in our opinion and need not be restated now.

This court modified the judgment of the district court and remanded the cause to the trial court for further proceedings, which should include a sale of the hotel property and disbursement of its proceeds as follows: (1) Costs accrued and accruing. (2) Taxes. (3) Judgment in favor of the first mortgagee. (4) Judgment in favor of the second mortgagee. (5) Balance of the total contract price due plaintiff as vendor. (6) Residue, if any, to abide the order of the district court.

This court also instructed the trial court to consider whether an upset price should be fixed prior to the sale. If other details of our instructions require attention they will be noted later.

Accordingly, when our mandate was spread in the district court

and the cause came on for further proceedings, the parties agreed in open court that the amount *then due* on the purchase price from defendant to plaintiff was $21,000 and that the total amount due her was $66,984. The court found that the sum of $18,590 and interest (as corrected) was required to satisfy the judgment in foreclosure already rendered in behalf of the first mortgagee; and that the sum of $10,273 with interest was required to satisfy the judgment already rendered in behalf of the second mortgagee; and that the upset price should include the aggregate of these two judgments plus a sufficient amount to pay the costs and taxes.

The court further ordered that if plaintiff should be the successful bidder, the defendant should have the privilege for thirty days of redeeming the property from such sale by paying so much of plaintiff's bid as was included in the amount of the costs, taxes, first and second mortgage-foreclosure judgments, and the amount ($21,000) defendant was in arrears in his payments of the contract price of the hotel; and if defendant should exercise such privilege, his original contract for the purchase should be reinstated; otherwise he would be barred of any interest in the property.

The foregoing judgment was rendered on October 16, 1936. Pursuant thereto an order of sale issued, and on December 6, 1936, the property was sold to Minnie Marsh White on her bid of $34,458.74. She had been the holder of the junior mortgage which had been foreclosed and reduced to judgment in the sum of $10,273, as stated above. This sale was confirmed on December 19, 1936, and the sheriff was directed to issue a certificate of sale, and to issue a deed in eighteen months unless redemption was made in the interim.

Defendant's present appeal is from the judgment of October 16, 1936. He specifies ten errors, but it is difficult to discern a single one on which this court can lay hold for the purpose of discussion. His *first* specification is that the district court "failed to do equity." That does not appear. His *second* specification is that the court erred in disregarding the record "which shows the appellee vendor first in default." That question was considered and disposed of in the first appeal. A *third* error is based on the failure of the trial court to follow instructions of the supreme court "to protect purchaser against foreclosure of mortgages." That does not appear. Those mortgages had been regularly foreclosed before the first appeal of this case to the supreme court. The *fourth* error assigned is based on the application of rents to the contract and not protecting

defendant on outstanding defaulted mortgages. This error is apparently a repetition of errors Nos. 1 and 3 and is not sustained. The *fifth* error is based on "holding purchaser first in default." This is a mere restatement of assigned error No. 2. The *sixth* error is predicated on the court's refusal to require the appellee to pay or refinance the defaulted mortgages before canceling defendant's contract of purchase. This point was considered on the first appeal, and is *res judicata*. The *seventh* error is based on the court's refusal to follow the rule announced in *Ditzen v. Given*, 139 Kan. 506, 32 P. 2d 448. The relevancy of the rule announced in that case does not appear. The *eighth* and *ninth* errors assigned are that defendant was given no opportunity to protect his contract of purchase and no opportunity to redeem. Under the circumstances largely brought about through the defendant's defaults and breach of contract, we think he was accorded all the equitable consideration in these respects which a just consideration of the rights of the judgment creditors and of the plaintiff would permit. Moreover, this phase of the case was considered in the first appeal; and in its compliance with our mandate the trial court neither disregarded our instructions nor abused its discretion. The *tenth* error assigned is that the judgment constituted a taking of his property without due process of law and in breach of the fifth and fourteenth amendments to the federal constitution. No constitutional questions were raised in the court below, and therefore cannot be raised now. (*Clark v. Linley Motor Co.*, 126 Kan. 419, 422, 268 Pac. 860; *State Bank of Stella v. Moritz*, 146 Kan. 23, 69 P. 2d 15.) If they had been raised we would be bound to hold they had no merit. What was raised in the court below and belatedly presented on the motion for a new trial, was a tender of evidence that "said mortgages and said contract have not been listed for taxation in Geary county." That point, too, had been considered and disposed of in the first appeal.

A critical reading of appellant's brief discloses nothing to indicate that in its further disposition of this cause the trial court failed to conform to the instructions of this court. Appellant calls attention to a stipulation of certain facts agreed to between counsel for defendant and counsel for the judgment creditor who had held the first mortgage. Based on that stipulation it is now asserted that it "shows beyond the peradventure of a doubt the date of default of the appellee." Surely we need not remind the assiduous and competent counsel for appellant that that matter was considered and

determined in the first appeal and not open in the trial court in the limited proceedings it was directed to consider under the mandate of this court.

The other matters earnestly urged in the brief of counsel have been patiently considered, and we are compelled to hold that they amount to no more than an untimely argument touching matters which are already *res judicata* by virtue of judgment of this court heretofore rendered on July 3, 1936, and the order denying a rehearing on September 15, 1936.

In the present appeal a motion to dismiss or advance was filed on the ground that there was no merit in the appeal and that it was merely taken for vexation and delay. This court declined to grant the motion to dismiss, but did advance the cause to the October sitting. It now appears that our mandate should go at once, and such will be the order of the court.

The judgment is affirmed, and the mandate will issue forthwith.