**UNITED STATES of America**

v.

**Wade A. JOLLIFF, Jr.**

**Crim. A. No. N–80–0461.**

United States District Court,
D. Maryland.

May 27, 1981.

Russell T. Baker, Jr., U. S. Atty., D. Md., and Catherine C. Blake and Glenda G. Gordon, Asst. U. S. Attys., Baltimore, Md., for plaintiff.

Domenic R. Iamele, Baltimore, Md., for defendant.

NORTHROP, Chief Judge.

In a six-count indictment filed on December 22, 1980, the Grand Jury for the District of Maryland charged the defendant, Wade A. Jolliff, Jr., with impersonating an officer of the Central Intelligence Agency (CIA) and mail fraud. A superseding indictment was filed on February 12, 1981, adding additional victims.

On October 15, 1980, Congress enacted the Classified Information Procedures Act, Pub.L. No. 96–456, 94 Stat. 2025 (1980) (the Act) to provide certain pretrial, trial, and appellate procedures in criminal cases involving classified information. Because the present case involves classified information, and because the present indictment was handed down after the enactment of the Act, this Court must be guided by the procedures set out therein.

On April 3, 1981, the defendant filed a motion to dismiss the indictment claiming that the Act is unconstitutional. The defendant asserted five grounds in support of his motion: (1) that § 1 of the Act is void for vagueness; (2) that §§ 2 and 5 of the Act are fundamentally unfair; (3) that § 5 of the Act violates defendant's fifth amendment right against compulsory self-incrimination; (4) that §§ 4 and 6 of the Act violate defendant's sixth amendment rights; and, (5) that § 7 of the Act is fundamentally unfair in that it grants the Government a unilateral right to appeal.

The defendant first contends that the terms "classified information" and "national security" as set forth in § 1 of the Act are unconstitutionally vague. This Court disagrees with the Government's arguments that this issue is not ripe and that the vagueness doctrine is inapplicable to a criminal procedural statute. This Court does believe, however, that the terms are not unconstitutionally vague.

The test applied to determine whether a statute is void for vagueness is "whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Jordan v. De George,* 341 U.S. 223, 231–32, 71 S.Ct. 703, 707–708, 95 L.Ed. 886 (1951). In addition, unless a statute infringes on first amendment rights, it will usually be evaluated "in light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Consequently, courts will not hold a statute void for vagueness "if the person challenging it had sufficient warning that his own conduct was unlawful." *Robinson v. Berman,* 594 F.2d 1, 2 (1st Cir. 1979).

Section 1 of the Act defines the term "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security and any restricted data, as defined in paragraph r. of section 11 of the Atomic Energy Act of 1954 (42 U.S.C. 2014(y))." The term "national security" is defined in the Act as "the national defense and foreign relations of the United States."

This Court believes that these terms, as defined in the Act, give the defendant ample notice of required conduct. This is particularly true in light of the defendant's prior experience with the CIA.

Moreover, the Supreme Court has upheld statutes containing terms similarly broad. In *Gorin v. United States,* 312 U.S. 19, 28, 61 S.Ct. 429, 434, 85 L.Ed. 488 (1941), the Supreme Court found that the term "national defense" as used in the Espionage Act, 18 U.S.C. §§ 793, 794 (1950) (original version at 50 U.S.C. §§ 31, 32 (1917)), was "sufficiently definite to apprise the public of prohibited activities and is consonant with due process." *See also United States v. Dedeyan,* 584 F.2d 36, 39 (4th Cir. 1978).

For the above reasons, therefore, this Court believes that the terms set forth

in § 1 of the Act adequately inform the defendant of conduct required under the Act.

As a second ground for dismissal, the defendant argues that §§ 2 and 5 of the Act are fundamentally unfair in that they permit the Government to obtain a pretrial proceeding on request. In addition, the defendant claims that the Government's discovery rights under the Act are inconsistent with Rule 16(b)(2) of the Federal Rules of Criminal Procedure.

Specifically, the defendant argues that the Government should not be granted a hearing until they have established a nexus between the classified information and the case itself. The Court finds this argument without merit. Because the defendant is only required to disclose information that he plans to use at trial, it is absurd to expect the Government to explain the relevance of evidence that the defendant himself plans to submit.

In addition, contrary to defendant's belief, the Act does not relieve the burden of proving that the information is classified from the Government's shoulders. If such a dispute arises, the Government is expected to demonstrate that the information in question is indeed classified. Section 6(c)(2) of the Act provides that this can be done through the submission of an affidavit from the United States Attorney General certifying that the information is classified.

Finally, the defendant claims that § 5 of the Act is inconsistent with Rule 16(b)(2) of the Federal Rules of Criminal Procedure. Rule 16(b)(2) provides as follows:

> Except as to scientific or medical reports, this subdivision does not authorize the discovery or inspection of reports, memoranda, or other internal defense documents made by the defendant, or his attorneys or agents in connection with the investigation or defense of the case, or of statements made by the defendant, or by government or defense witnesses, or by prospective government or defense witnesses, to the defendant, his agents or attorneys.

The defendant urges this Court to read this rule to prohibit the disclosure of any documents other than scientific or medical reports. Although Rule 16(b)(2) may not authorize broader disclosure, the rule does not preclude disclosure authorized in other enactments.

Defendant's third claim is that the notice requirements of § 5 of the Act violates his fifth amendment right against compulsory self-incrimination. The defendant argues that the Act compels him to reveal that he has disclosed classified information to at least two unauthorized individuals, the presiding judge and defense counsel. These disclosures, the defendant asserts, are in violation of 18 U.S.C. § 798. First, defendant's concern that the Court is not authorized is unfounded. Section 4 of the Security Procedures Established Pursuant to Public Law 96–456, 94 Stat. 2025, by the Chief Justice of the United States provides that no security clearances are required for judges. Moreover, security clearances are presently being obtained for other court personnel. Second, with regard to defense counsel, the Government has repeatedly offered to obtain a clearance for him. As of this date, however, defense counsel has refused to be cleared. Although the sixth amendment grants an accused an absolute right to have assistance of counsel, it does not follow that his right to a particular counsel is absolute. A defendant's freedom to choose his own counsel may not be manipulated to subvert the orderly procedure of the courts or to interfere with the fair administration of justice. *See United States v. Burton,* 584 F.2d 485 (D.C.Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979); *Gandy v. Alabama,* 569 F.2d 1318 (5th Cir. 1978).

Accordingly, this Court is of the opinion that § 5 of the Act does not run afoul of the fifth amendment.

Defendant's fourth contention is that §§ 4 and 6 of the Act, which authorize a court to limit the defendant's discovery rights following an *ex parte, in camera* proceeding, violate the sixth amendment. Again, this Court finds defendant's argument unpersuasive.

The Supreme Court has repeatedly upheld the use of *ex parte, in camera* examinations prior to disclosure. *See Goldberg v. United States,* 425 U.S. 94, 109, 96 S.Ct. 1338, 1347, 47 L.Ed.2d 603 (1976) (disclosure of Jencks material); *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (disclosure of material allegedly containing confidential Presidential communications); *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966) (disclosure of grand jury minutes subject to an *in camera* deletion of "extraneous material"); *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (disclosure of informant's identity).

The use of *in camera* proceedings are particularly appropriate prior to the disclosure of classified information. *See, e.g., United States v. Boyce,* 594 F.2d 1246, 1252 (9th Cir.), *cert. denied,* 444 U.S. 855, 100 S.Ct. 112, 62 L.Ed.2d 73 (1979); *United States v. Lyon,* 567 F.2d 777, 783 (8th Cir. 1977), *cert. denied,* 435 U.S. 918, 98 S.Ct. 1476, 55 L.Ed.2d 510 (1978). Consequently, this Court finds no constitutional problems with the use of an *in camera* examination in this case.

█ Finally, the defendant claims that § 7 of the Act is fundamentally unfair in that it grants the Government the right to a unilateral appeal. This Court finds that this issue is not ripe for review at the present time. This question would be more properly raised before the United States Court of Appeals for the Fourth Circuit should the Government ultimately take an appeal from an adverse order.

In conclusion, this Court finds all of defendant's contentions without merit. Accordingly, defendant's motion to dismiss is denied. A separate Order will be entered to reflect the present ruling.