**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Richard COLLINS, Defendant-Appellee.**

**No. 83–5446.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 1983.

---

Stanley Marcus, U.S. Atty., Miami, Fla., Deborah L. Branscomb, U.S. Dept. of Justice, Crim. Div., Fraud Sec., John DePue, U.S. Dept. of Justice Crim.Div., App. Sec. Washington, D.C., for plaintiff-appellant.

Paul Morris, Stephen J. Bronis, Miami, Fla., for defendant-appellee.

Before HILL, ANDERSON and CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This appeal presents for interpretation and application a relatively new law, the Classified Information Procedures Act, 18 U.S.C. app. §§ 1–16 (1976 & Supp. V 1981), hereinafter sometimes referred to as CIPA.[1]

A proper interpretation is derived primarily from the act itself. We have consulted, also, its legislative history, S.Rep. No. 823, 96th Cong., 2d Sess. 4 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 4294, learning from these sources something of its purpose, and the problem and the solution to that problem deemed appropriate by the Congress.

### *"Greymail"*

Whenever the executive decides to prosecute a defendant in court, it incurs certain costs. These include, not exhaustively, the salaried time of government lawyers and personnel required for further investigation, the expenses attendant upon obtaining the presence of witnesses and documents, and the use of limited judicial resources. Within reason, these can be anticipated and taken into account in deciding whether to prosecute.

There have been, however, some cases possibly involving a cost which, prior to CIPA, was impossible to calculate. These are cases in which it is suggested that, at trial, the defendant will find it necessary to reveal information which is classified and protected against disclosure for reasons of national security. Prior to CIPA, there was no way to evaluate the cost, by way of damage to the national security and the nation's foreign relations, should the prosecution be initiated or pursued. The defendant's protection might require that he or she testify to or otherwise reveal highly

---

1. The issues in this appeal do not involve 18 U.S.C. app. § 1–4, which deal with the protection, if proper, of classified government information which might be subject to defendant's discovery under the Federal Rules of Criminal Procedure, *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or the *Jencks* Act. We do not address these sections of CIPA.

sensitive matters. On the other hand, such evidence might not be material. To evaluate the situation, it was necessary to find out what classified information the defendant claimed to be material and, of that, what would actually be required for fair trial, but there was no way to learn this until public trial, when its tender or proof would exact the cost without a decision having first been made as to the reasonableness of it.

The looming, but unevaluated, threat that the nation's security might be damaged by a prosecution has been termed "greymail" practiced upon the government. S.Rep. No. 823, 96th Cong., 2d Sess. 4 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 4294, 4296–98. Sensitive regard for national security was seen as having resulted in foregoing prosecutions for serious crimes, even in cases where the chances were great that, properly handled prior to trial, a defendant could well have been accorded due process without any cost in public revelation of classified information.

### CIPA

In 1980, the Congress enacted CIPA. Its purpose appears to be straightforward and clear. It is to provide procedures under which the government may be made aware, prior to trial, of the classified information, if any, which will be compromised by the prosecution. To that end, the defendant who reasonably expects that his or her defense will result in the disclosure of classified information is required, to assure admissibility of such information at trial, to give the court and the government prior notice of the classified information deemed involved. In the terms we have adopted, this may be thought of as the "price" the defendant asserts the government will have to pay if the prosecution continues. The government is given an opportunity, then, to try to minimize the cost. It may seek a ruling that some or all of the proffered classified information is not material. 18 U.S.C. app. § 6(a) (1976 & Supp. V 1981). It may move that a non-sensitive summary of the classified information be substituted for it, or it may admit a fact or facts sought to be proved by classified information, thus obviating the need for it. 18 U.S.C. app. § 6(c). Part or all of these pretrial proceedings are held in camera at the government's request. When the real cost to national security has been ascertained (or eliminated) by the CIPA procedure, the government can realistically weigh the nation's interest in prosecuting against that cost and make an informed decision. The Attorney General can, even so, prevent the disclosure of classified information held necessary to defendant's rights, but this may result in dismissal of the indictment or one or more of its counts, a finding against the government on some issues, or the barring of the testimony of a witness. 18 U.S.C. app. § 6(e).

To insure fairness in the prior determination of the issues, the government is required to reveal details of its case to the defendant, 18 U.S.C. app. § 6(b)(2), including the evidence the government will use to rebut the defendant's revealed classified information evidence, 18 U.S.C. app. § 6(f). Critical rulings of the district court on these preliminary matters may be reviewed by interlocutory appeal, 18 U.S.C. app. § 7, which brings our task to us.

### The Case at Issue

Appellee, a retired Air Force General officer, was indicted on six counts for violations of 18 U.S.C. 641, alleging misuse of money belonging to the United States and its Air Force. The charges involve funds of which appellee was custodian during his active duty service.

Appellee undertook to provide the notice, contemplated by Section 5(a) of CIPA of his intention to disclose classified information in his defense. While we paraphrase and indulge in some deletions, appellee essentially described the classified information as follows:

Said classified information concerns activities of the U.S. Government with respect to joint Intelligence/Military operations and the utilization of secret overseas bank accounts to finance said opera-

tions. Moreover, said classified information includes the developing of secret government bank accounts and the transfer of funds surreptitiously into the United States Treasury. In addition the defendant intends to disclose or cause the disclosure of all matters coming within the defendant's administration as Director of (his job description) for the United States Air Force, and, as such, his operation of a unit of said department called "(named)" which coordinated many operations in Southeast Asia and elsewhere.

The government reacted to this notice in two ways. It moved the court to require defendant to make his notice more specific, asserting that the notice did not adequately describe the specific information the defendant expected to disclose. Further, after concluding that the notice, as given, would embrace classified information, it sought a hearing under Section 6(a) of CIPA concerning the use, relevance, and admissibility of classified information.

The district court ordered defendant to make a "good faith effort" to supplement the notice, but no new or supplemental notice was filed or required. The court ordered the government to furnish defendant with information to assist defendant in identifying and describing classified information, and the government furnished various documents.

A hearing was then held, and it ranged broadly over the various CIPA provisions. Government counsel stated that the prosecution intended to offer no classified information in the presentation of the case. Counsel then outlined, in some detail, the government's case and the witnesses and documents it would call and produce. The government protested the inadequacy of the Section 5(a) notice furnished by the defendant.

Defense counsel responded, largely by advocating his client's need to reveal classified information in order to defend against the charges. In doing so, counsel, from time to time, spoke to such information more specifically than did the Section 5(a) notice, but did not limit the notice or his remarks to these specific illustrations. He did state defendant's intention to disclose an additional item of classified information, being a document which had been produced by the government shortly before the hearing.

Counsel for the government protested an inability to address the materiality of the classified information embraced in defendant's notice (Section 6(a)) or alternative procedures to mitigate harmful disclosure (Section 6(c)) absent more specific notice.

Shortly after the end of the hearing, the district judge entered an order, listing seven "types of information" as being admissible in the defense of the case. Except for the one document, not mentioned in the Section 5(a) notice but referred to during the hearing, the listing of "types of information" contains nothing that this court apprehends to be classified information.[2] The district judge reasoned that the government did not need more specific notice, because the specifics "can be found in its own records and the defendant is not required to research the government's case."

After denial of its motion to reconsider, the government filed this appeal. 18 U.S.C. app. § 7. After briefing, under appropriate security arrangements, the court heard oral argument at Atlanta, Georgia, again under appropriate security arrangements, on November 3, 1983.

### Judgment

We conclude that defendant's Section 5(a) notice was insufficient under CIPA. In our opinion, a sufficient notice is essential to put into motion the other CIPA procedures. The insufficiency of the notice fatally permeated those procedures which followed so that the district court's order upon them must be vacated and the case remanded. If

---

**2.** We do not presume to so hold. It is an Executive function to classify information, not a judicial one. S.Rep. No. 823, 96th Cong., 2d Sess. 4 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 4294, 4304.

the defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with the trial of, or pretrial proceeding involving, this case, he may, within reasonable time to be fixed by the district court, give good and adequate notice to the United States and the court.

## Opinion

The purposes of the Classified Information Procedures Act inform our opinion. We also note some ends which are not its purpose. The Act is, in essence, a disclosure law coupled with provisions for resolution of admissibility questions. It does not, apparently, undertake to create new substantive law governing admissibility.[3] Clearly, it does not suggest that simply because defense evidence may consist of classified information it shall be, ipso facto, excluded. Indeed, CIPA appears premised upon the assumption that, if material to the defense and not otherwise avoidable, such information shall be admissible. It does require that the defendant be forthcoming, before trial, as to anticipated evidence and, by providing for pretrial ascertainment of admissibility, establish a secure method for all parties to know what classified information will actually be—as opposed to vaguely threatened to be—made public if the case proceeds.

The vague threat that prosecution will result in disclosure of classified information is dealt with by requiring the defendant to file a Section 5(a) notice. If CIPA is to abolish the practice of "greymail," it is beyond dispute that the notice cannot, itself, constitute "greymail." What has been called "greymail" is the vague, non-specific, threat. A Section 5(a) notice must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense.

Appellee argues that a mere general statement of the areas about which evidence may be introduced is all that is contemplated by Section 5(a)'s requirement that "such notice shall include a brief description of the classified information." It is contended that "a brief description" does not demand specificity, thus permitting notice of nothing more than the general areas of activity to be revealed in defense. However, this overlooks that the "brief description" is to be of *the classified information* expected to be disclosed. "A brief description" is not to be translated as "a vague description"; "of the classified information" may not be interpreted as "of the areas of activity concerning which classified information may be revealed."

It is of no importance that the government can locate specific data about defendant's knowledge of sensitive information in its own records. In this case, the government is undoubtedly aware that the defendant, during his Air Force career, has been exposed to much classified information— probably commencing with the Norden bomb sight and early radar and extending to the sophisticated intelligence of today and aims of the future. The Section 5(a) notice requires that the defendant state, with particularity, which items of classified information entrusted to him he reasonably expects will be revealed by his defense in this particular case.

The Section 5(a) notice is the central document in CIPA. After the CIPA procedures have been followed, the government should not be surprised at any criminal trial when the defense discloses, or causes to be disclosed, any item of classified information. The court, the government and the defendant should be able to repair to the Section 5(a) notice and determine, reliably, whether the evidence consisting of classified information was contained in it. The court must not countenance a Section 5(a) notice which allows a defendant to cloak his intentions and leave the government sub-

---

**3.** Some question may arise. Section 6(c) refers to the court's finding that a substitution or summary of classified information "will provide the defendant with *substantially* the same ability to make his defense," (emphasis added) but we have no occasion to pass upon that provision in this appeal.

ject to surprise at what may be revealed in the defense. To do so would merely require the defendant to reduce "greymail" to writing.

■ Section 6(b) provides that "the United States shall provide the defendant with notice of the classified information that is at issue." Read in context with the entire Act, we do not interpret this provision as suddenly shifting the burden, in mid-text, to the government to anticipate and state what it fears from "greymail." As we interpret it, this provision applies to the government's response to the defendant's Section 5(a) notice. If the government wishes to avail itself of Section 6 to eliminate or ameliorate classified information disclosure, it must provide the defendant with notice of those items of classified information in the defendant's Section 5(a) notice which are the subject of the Section 6 procedure. This serves to limit the issues and make the procedures under Section 6 to the point and manageable. Therefore, no Section 6 hearing should be held until the sufficiency of the 5(a) notice, if questioned, has been determined. Again repairing to our metaphor, the defendant's "asking price," in revelation of classified information, should be clearly stated before the government starts to negotiate for a better "price" pursuant to Section 6.

■ Appellee's notice, substantially set out above, was not adequate. Analysis of parts of it will suffice. The defendant notifies that he reasonably expects to reveal

a) . . . activities of the U.S. Government with respect to joint Intelligence/Military operations

and

b) . . . the utilization of secret overseas bank accounts to finance such operations.

Conceivably, the defendant and his witnesses threaten to reveal classified information about any sensitive government intelligence and military operations from the creation of the nation until now, conducted anywhere in the world. Details of all secret overseas bank accounts now or ever used for such purposes are apparently to be discussed in appellee's defense. The government cannot appraise potential damage to national security without more particulars. The notice refers, vaguely, to "developing" secret bank accounts and the transfer of funds surreptitiously into the United States Treasury, but no reader of the notice knows what may be revealed about development of particular accounts or about transfer of specific funds to the Treasury or the method of doing so. Moving on even more broadly, defendant threatens to reveal each and every classified item he learned in his official military position, presumably a command function of a general officer, and all knowledge he acquired in the operation of a unit apparently coordinating sensitive operations. The bottom line of the notice is that the defendant threatens to reveal everything he or his witnesses may know.

The notice constitutes "greymail," albeit written instead of hinted. It is not adequate.

It borders upon redundancy to observe that CIPA, as we interpret it, represents a significant departure from usual procedures in handling a prosecution for misappropriation of funds. The defendant is required to disclose much of his defense. Reciprocally, the government is required to present, pretrial, the details of the charges so that the defendant can, in good faith, determine if any particular classified information will be revealed in defense, 18 U.S.C. app. § 6(b), and to present the defendant with the evidence the government will offer to refute what the defendant seeks to prove by the noticed classified information. Though this is a departure, it is not unique. *See* Fed.R. Crim.P. 12.1 (pretrial notice of alibi defense); *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) (notice-of-alibi statute constitutional with reciprocal discovery); *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) (notice-of-alibi statute unconstitutional without reciprocal discovery); Fed.R.Evid. 412 (pretrial notice of defense based on rape victim's past conduct).

■ We observe, finally, that the court is not the final arbiter of whether classified information will actually be revealed. The Attorney General can prevent the disclosure of classified information even though it has been determined that such disclosure is necessary to a fair trial. Should the government do so, however, its ability to continue the prosecution will be seriously damaged or ended. 18 U.S.C. app. § 6(e).

*Conclusion*

The order of the district court filed June 3, 1983, insofar as it adjudicates the sufficiency of appellee's notice under the Classified Information Procedures Act, 18 U.S.C. app. § 5 (1976 & Supp. V 1981), and the admissibility of classified information, appearing on pages 1 through the first two paragraphs of page 21 of said order is VACATED.

The district court shall fix a reasonable time for the defendant to furnish a notice under Section 5(a), the sufficiency of which shall be determined under the interpretation of CIPA herein.[4]

Further proceedings under CIPA shall follow determination that defendant has furnished a sufficient notice.

The district court shall consult Section 5(b) of CIPA for appropriate sanctions should the defendant fail to supply a particularized notice.

VACATED and REMANDED.

---

**4.** After oral argument and submission of the case for our consideration and decision, appellee forwarded a document to this court, with notice of service on the government. The document is appellee's undertaking to provide a Section 5(a) notice more specific and particularized than the one at issue in this appeal. A brief review of it discloses far more details than originally provided.

However, we do not consider it our proper function to pass upon the sufficiency of this document upon which the district court has not ruled. It is not a part of the record on appeal and is not in issue here. Upon remand, appellee's Section 5(a) notice (the one forwarded here or, should defendant elect, an altered one) should be filed with the district court, which should first pass upon its sufficiency. When a sufficient notice has been given, as determined by that court, the government may, if desired, seek a Section 6 hearing.