**UNITED STATES of America, Appellee,**

v.

**Edwin P. WILSON, Defendant-Appellant.**

**Cal. No. 1733, Docket 83–1413.**

United States Court of Appeals, Second Circuit.

Argued Aug. 10, 1984.

Decided Nov. 28, 1984.

**8**

Barry C. Scheck, New York City (Lawrence A. Vogelman, New York City, Michael G. Dowd and Manton, Pennisi & Dowd, Kew Gardens, N.Y., of counsel), for defendant-appellant.

Eugene Neal Kaplan, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty. for the Southern District of New York, Kenneth I. Schacter and Barry A. Bohrer, Asst. U.S. Attys., New York City, of counsel); for appellee.

Before VAN GRAAFEILAND and WINTER, Circuit Judges, and COFFRIN, Chief District Judge *.

VAN GRAAFEILAND, Circuit Judge:

Edwin P. Wilson appeals from a judgment of the United States District Court for the Southern District of New York convicting him after a jury trial before Judge Weinfeld of attempted murder, criminal solicitation, obstruction of justice, tampering with witnesses, and retaliating against witnesses. Appellant's sole contention in this Court is that the district court erred in precluding him from proving in detail his alleged participation in certain classified intelligence and counterintelligence activities of the United States. Finding no merit in this contention, we affirm.

In 1980, appellant was indicted by a Washington, D.C. grand jury for a number of alleged felonies, including the shipment of explosives and other war materials to Libya. For the next several years, appellant was a fugitive from justice in Libya. In 1982, while appellant was attempting to enter the Dominican Republic on a false passport, he was denied admittance and placed on a flight to New York City where he was arrested. *See United States v. Wilson,* 732 F.2d 404, 411 (5th Cir.1984). Thereafter, appellant was indicted on additional charges in Texas and Virginia.

The charges against appellant in the instant case involved plots concocted by him while in prison to have prosecutors and Government witnesses in the several trials

* Of the United States District Court for the District of Vermont, sitting by designation.

threatened or assassinated. Although appellant did not take the witness stand, he contends that he would have testified, had he been permitted, about certain covert activities of the United States in which he claims to have participated during the years in which his alleged felonies took place. He contends that his participation in these activities on behalf of the United States warranted a belief on his part that he would not be sentenced and imprisoned by federal authorities and this belief negated his alleged motive for tampering with witnesses. He also contends that the evidence would have showed the existence of certain character traits and personal relationships that would have tended to disprove the charges being made against him.

This is the kind of situation that Congress had in mind when it enacted the Classified Information Procedures Act (CIPA), Pub.L. 96–456, 94 Stat. 2025, *reprinted in* 18 U.S.C.App. at 549–54 (1982). *See United States v. Collins,* 720 F.2d 1195, 1196–97 (11th Cir.1983). Section 5 of CIPA requires a defendant who intends to disclose classified information to give written notice of his intention to the court and the United States attorney before trial with a brief description of the information involved. Section 6 provides for an *in camera* hearing at the Government's request concerning the "use, relevance, or admissibility" of the proposed information. Such a hearing was held in the instant case. *See United States v. Wilson,* 586 F.Supp. 1011 (S.D.N.Y.1983).

The district court held that appellant would be permitted to testify "to the fact of his employment with various agencies in the United States intelligence community and to the fact that he was involved in covert operations." *Id.* at 1017. However, after discussing and weighing "the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence", in accordance with Fed.R.Evid. 403, the court stated that it would not permit appellant to describe the details of the operations. *Id.* at 1016–17. Citing *United States v. Davis,*

546 F.2d 583, 592–93 & n. 22 (5th Cir.), *cert. denied,* 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391 (1977), the district court also held that appellant could not introduce evidence of specific acts for the purpose of proving his alleged character traits. *Id.* at 1016 and n. 35.

■ As the Fifth Circuit did in *United States v. Wilson, supra,* 732 F.2d 404, we have reviewed the classified material at issue, and we similarly conclude that the district court did not err in rejecting the material under generally applicable evidentiary rules of admissibility. *See id.* at 412. It is a proper exercise of a district court's discretion to exclude evidence that is prejudicial, confusing, or misleading, *Hamling v. United States,* 418 U.S. 87, 124–25, 94 S.Ct. 2887, 2911–12, 41 L.Ed.2d 590 (1974), *United States v. Jordan,* 627 F.2d 683, 686 (5th Cir.1980), and to exclude evidence of specific acts intended to demonstrate character traits not at issue. *United States v. Benedetto,* 571 F.2d 1246, 1249–50 & n. 5 (2d Cir.1978).

■ We see no constitutional infirmity in the pretrial notification requirements of section 5. Appellant's claim of unconstitutionality was rejected by the district court. *United States v. Wilson,* 571 F.Supp. 1422, 1426–27 (S.D.N.Y.1983). Other courts are in accord. *United States v. Wilson,* 721 F.2d 967, 976 (4th Cir.1983); *United States v. Collins, supra,* 720 F.2d at 1200; *United States v. Jolliff,* 548 F.Supp. 229, 231 (D.Md.1981). We find the reasoning of these cases most persuasive. If there is any novelty in appellant's present argument that section 5 "requires disclosure of classified information that may or may not be useful to an accused's defense but would tend to incriminate a defendant on a different charged or uncharged crime", there clearly is no merit in it. The statute does not require a defendant to disclose information that "may or may not be useful"; it requires him to notify court and counsel of the classified information that "he reasonably expects to disclose." A defendant need not admit participating in

any incriminating conduct concerning which he has no intention of making evidentiary disclosure. *See Williams v. Florida,* 399 U.S. 78, 84, 90 S.Ct. 1893, 1897, 26 L.Ed.2d 446 (1970) (upholding constitutionality of rule requiring pretrial notice of alibi defense). Appellant's remaining arguments in support of his claim of unconstitutionality are not of sufficient substance to merit discussion.

The judgment of conviction is affirmed.