**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Bernie E. ZETTL, Defendant–Appellee.**

**No. 88–5577.**

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1989.

Decided Oct. 23, 1989.

Rehearing and Rehearing En Banc
Denied Jan. 16, 1990.

Michael Crockett Olmstead, Theodore Stewart Greenberg (Peter B. Clark, Washington, D.C., Harriet Halper, Henry E. Hudson, U.S. Atty., U.S. Dept. of Justice, Alexandria, Va., on brief) for plaintiff-appellant.

Richard Anthony Hibey (Gordon A. Coffee, Anderson, Hibey, Nauheim & Blair,

**52**

Washington, D.C., on brief) for defendant-appellee.

Before ERVIN, Chief Judge, and WIDENER and PHILLIPS, Circuit Judges.

WIDENER, Circuit Judge:

The United States appeals from a pretrial order authorizing the disclosure of classified information. 18 U.S.C.App. IV § 7(a) authorizes this interlocutory appeal. The district court held that conversion was a necessary element of a violation of 18 U.S.C. § 641 which it decided made several documents it had mentioned with particularity relevant to the defendant's case; that six of the government's statement substitutions pursuant to the Classified Information Procedures Act (CIPA) were inadequate; and that the government could not have additional time to correct the substitutions. The government argues that the classified documents are not relevant because the element of conversion is not a necessary part of the unauthorized conveyance portion of § 641; that the proposed substitutions satisfy the requirements of CIPA; and that the district court abused its discretion in not granting additional time. We are of the opinion that the documents in question are not relevant to Zettl's defense, and we vacate the order appealed from and remand for further proceedings.[1]

On September 10, 1985, Bernie E. Zettl, Walter R. Edgington, and Robert E. Carter were charged with violating 18 U.S.C. § 371, 18 U.S.C. § 641 and 18 U.S.C. § 793. Zettl and Edgington were also charged with conversion and espionage. After the first round of CIPA hearings was held, the district court found that many of the classified documents were relevant and rejected the government's substitutions. See United-

ed States v. Zettl, 835 F.2d 1059, 1062–63 (4th Cir.1987) (*Zettl I*). The government appealed and we affirmed the district court's relevancy findings but remanded for the district court to consider any claim of privilege of state secret or informer that the government might want to assert. *Zettl I*, 835 F.2d at 1065–66. Following remand and upon the government's motion, the district court dismissed counts 1, 3, 4, and 5 of the indictment, leaving only the § 641 violation against Zettl regarding the Navy's 1984 Program Element Descriptions (PEDs). In addition, the government has stated that it will proceed against Zettl only upon the portion of § 641 that prohibits conveying government property without authority.[2]

After the post-remand CIPA hearings, the district court decided that the requirement of § 641 that the defendant "without authority ... convey[ ]" still required proof of "substantial interference with the government's ownership rights" since "any violations of 641 must involve a conversion." The district court ruled that the documents it had mentioned were relevant as to conversion. As an alternative ruling, the district court found the documents relevant to the issues of "need to know," "closely held," "intent," "value," and "substantial interference" with the government's ownership rights. The government appeals, arguing that the proof of conversion is not necessary to convict under § 641.

■ We first address the district court's relevancy determination. The district court found that the classified documents at issue were relevant because it believed that any charge under § 641 must involve a conversion and that the documents were relevant to elements of conversion. The

---

1. Since we reverse the district court's relevancy findings we do not reach the issues as to the validity of the government's offered substitutions or the propriety of the district court's ruling not allowing the government additional time.

2. Zettl argues that our ruling in *United States v. Zettl*, 835 F.2d 1059 (4th Cir.1987), regarding relevancy is the law of the case. The case

before us in *Zettl I* involved several defendants and a multi-count indictment for conspiracy, conversion, and espionage. Now that the case has been reduced to one portion of § 641 with one defendant and one series of documents, the prior relevancy determinations are not controlling, for the issues to be tried are simply not the same.

district court relied on dictum in *United States v. Thordarson,* 646 F.2d 1323, 1335 n. 23 (9th Cir.), *cert. denied,* 454 U.S. 1055, 102 S.Ct. 601, 70 L.Ed.2d 591 (1981). The court in *Thordarson* believed that *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1951), taught that any violation of § 641 must involve a conversion. We think *Thordarson* does not correctly construe *Morissette.* *Morissette* held that on indictment under § 641 for "steal[ing] and convert[ing]" property of the United States, the question of intent must be submitted to the jury. It does not, however, even by implication, require the elements of conversion to be proven in each § 641 violation. The relevant portion of § 641 ascribes punishment to whoever "embezzles, steals, purloins, or knowingly converts ... *or* without authority, sells, conveys or disposes of any record, voucher, money or thing of value of the United States" (emphasis added). Section 641 prohibits two separate acts. The first is to embezzle, steal, or knowingly convert United States property and the second is to sell, convey, or dispose of United States property without authority. *United States v. Scott,* 789 F.2d 795, 798 (9th Cir.1986); *United States v. Jeter,* 775 F.2d 670, 681 (6th Cir.1985), *cert. denied,* 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986); *Hawkins v. United States,* 458 F.2d 1153, 1155 (5th Cir.1972). One need not prove the elements of conversion to convict under the clause of § 641 which prosecutes one who "without authority sells, conveys or disposes" of property of the United States. "To write the elements of conversion into the crime of unauthorized sale would be to assume that Congress meant nothing at all by making them separate crimes, an assumption we refuse to make." *United States v. Scott,* 789 F.2d 795, 798 (9th Cir.1986).

■ We next consider the district court's alternative findings to support its relevancy decision. As an alternative finding the district court found the documents relevant to the issues of "need to know," "closely held," "intent," "value," and " 'substantial interference' with the government's property rights." We are reminded first that all counts have been dismissed except the count charging Zettl with an unauthorized sale, conveyance, or disposal of United States property. Especially with the conversion issue removed from the case, there simply is no issue of "need to know" or "closely held" or " 'substantial interference' with the government's property rights." Since these issues are no longer in the case, the district court's holding that the documents in question are relevant to their proof is erroneous. The reason for this part of our decision is apparent. The government is responsible for the accountability of classified information. It is responsible for the classification thereof and for the dissemination of such information. The government has set up certain procedures and precautions to protect classified documents. Even those with authority to see and handle the documents have no right without authority to convey the documents to others, whether or not the other party may have a need to know the information therein. Any other holding would make the possessor of any classified document the ultimate authority in deciding whether or not the document should be transferred to someone else. This, however, is a function of the government and its system of accountability for classified documents, not of someone who just happens to be in possession thereof, whether or not he rightfully possesses the document.

With respect to the issue of "intent," the documents themselves are likewise without relevance. *Morissette, supra,* as noted, held that intent is required to convict on an indictment for conversion under § 641. And for our purposes, we will assume the same is required for this indictment for conveyance without authority. Any requisite intent, however, "... is intent to sell [or convey or dispose of] without authorization, and nothing more." *Scott, supra,* at 798.

Finally, we address the "value" issue. Section 641 imposes a fine of no more that $10,000, or ten years' imprisonment, or both if the value of the property involved exceeds $100. If the property is worth

$100 or less, it imposes a fine of no more than $1,000, or one year, or both. Section 641 defines value as the "face, par, or market value, or cost price, either wholesale or retail, whichever is greater." Zettl argues that he should be able to introduce the classified documents to prove that they were widely available to defense contractors and therefore the thieves' market value was low. The government plans to prove the value exceeded $100 by the "cost price" of photocopying, transportation, and the other actual costs of the documents Zettl allegedly conveyed without authority. Given the government's method of proving value, the classified documents are not relevant. Even if Zettl could prove the PED was worthless on the thieves' market, if the government proved a greater value through cost price, the greater value controls under the statute.

We have referred throughout the opinion, from time to time, to "the documents" or have used words of like import. By use of those words in that style is meant the content of the documents involved so that when we have said, for example, that the documents are irrelevant, we mean, of course, that the content of the documents is irrelevant. Our understanding of this case is that the Navy PEDs is, in fact, a book of supporting data for the 1984 Navy Defense Appropriation. It is classified SECRET. It is charged that Zettl, having obtained one of these books, sold or conveyed or disposed of it without authority to someone else. The fact that the book is classified SECRET is, of course, relevant to the proceeding, as would be the fact that a given number of papers in the book might individually also be classified as SECRET. But neither the content of the book, nor any of the individual papers therein, is relevant. Zettl is charged with the unauthorized conveyance of classified documents. While the fact that the documents are classified is relevant, their content is irrelevant. The order of the district court appealed from is vacated and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS.