## UNITED STATES of America

### v.

### Santos VALERIO, Jesus Reyes, a/k/a "Antonio Manuel Lendof," Jose Arias, a/k/a "Miguel Flores," and Juan Maria, a/k/a "Juan Garcia," Defendants.

### No. 90 Cr. 183 (DNE).

United States District Court, S.D. New York.

June 4, 1990.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Brian Coad, Asst. U.S. Atty., New York City, of counsel), for plaintiff U.S.

Leonard F. Joy, The Legal Aid Soc., Federal Defenders Unit (Julie Prag, New York City, of counsel), for defendant Jose Arias.

Golub & Dunn (Mitchell A. Golub, New York City, of counsel), for defendant Jesus Reyes.

Morvillo, Abramowitz & Grand (David Meister, New York City, of counsel), for defendant Santos Valerio.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

This memorandum arises in response to pre-trial motions filed by defendants Santos Valerio, Jose Arias a/k/a "Miguel Flores" (hereinafter "Arias") and joined by Jesus Reyes a/k/a "Antonio Manuel Lendof" (hereinafter "Reyes") to compel certain discovery and suppress the introduction of a firearm (collectively, the "defendants"). This memorandum supplements oral rulings made at the conclusion of the argument held May 31, 1990. For the reasons to be discussed, defendants' motions are denied.

### I. Background

Count One of Indictment 90 Cr. 183 charges the defendants with conspiring to distribute and possess with the intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. Count Two charges the defendants with possession with the intent to distribute more than five hundred grams of cocaine in violation of 21 U.S.C. § 841(b)(1)(B). The Indictment charges that the conspiracy began and ended on March 20, 1990, the date of the alleged drug transaction.

The defendants were arrested on March 20, 1990 by Drug Enforcement Administration Agents, who also seized approximately two kilograms of cocaine, and a .380 caliber semi-automatic handgun from apartment 6–A at 106 W. 179th Street, in the Bronx. The four overt acts alleged in the conspiracy and the arrest all occurred in the Southern District of New York.

The Government represents that it has already provided extensive discovery to the defendants. The Government has produced draft transcripts of all tapes which relate to the charges in the Indictment, and provision was made for defense counsel to listen to those tapes. In addition to the Indictment and Complaint, the Government produced copies of the criminal records of the defendants, and the DEA report of the drug seizure. The Government further made all physical evidence available for inspection by defendants.

### II. The Motions

■ Defendants first move this Court to order the Government to disclose particular facts about the confidential informant in advance of trial. Specifically, the defendants ask that the Government produce the confidential informant's name, date of birth, social security number, criminal record, and identifying number.

The defendants have provided no controlling legal authority in support of compelling the production of this information. The cases cited by defendants are inapposite since in the instant case, the confidential informant will testify at trial. In connection with his testimony, the Government must at the appropriate time provide material under 18 U.S.C. § 3500 ("3500") to allow the confidential informant to be cross-examined. The defendants have offered no basis for the production now sought.

■ Defendants next seek to preclude the introduction of the firearm seized in the apartment during their arrest pursuant to Rule 403 of the Federal Rules of Evidence. Defendants argue that the prejudice resulting from the introduction of the gun will substantially outweigh its probative value.

Defendants essentially ask this Court to ignore a long line of cases in this circuit and others which hold that the probative value of introducing firearms as proof of narcotics violations outweighs their prejudicial value. See, e.g. United States v. Mourad 729 F.2d 195, 201 (2d Cir.), cert. denied 469 U.S. 855, 105 S.Ct. 180, 83 L.Ed.2d 144 (1984); United States v. Weiner 534 F.2d 15, 18 (2d Cir.), cert. denied 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976); United States v. Matra, 841 F.2d 837, 842–43 (8th Cir.1988). The facts of the instant case present no reason to depart from established law. Accordingly, defendants in limine motion to preclude introduction of the seized firearm pursuant to Rule 403 is hereby denied.

■ Defendants next move this Court to compel the Government to provide certain other discovery, including a bill of

particulars, lists of the Government's trial witnesses and exhibits, and disclose all prior similar acts by defendants.

Defendants first discovery request is that this Court order the Government to produce a detailed bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. In order to obtain a bill of particulars, the defendants must establish that the Indictment did not "set forth the essential elements and facts needed to inform [them] of the charges." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir.1984).

The instant Indictment 90 Cr. 183 provides the defendants with a complete list of co-conspirators, a specific beginning and ending date for the conspiracy, the locations of four overt acts and the specific co-conspirators present at each, the location of the arrest, the location and amount of the seized narcotics and the location of the firearm. This Indictment comports with the specificity requirements of Rule 7(c) of the Federal Rules of Criminal Procedure and applicable law, and accordingly the defendants' request for a bill of particulars is denied.

 Defendants further move this Court to order production of the Government's lists of trial witnesses and exhibits pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Despite the fact that this information would be made available to defendants before trial when voir dire requests are to be filed with the Court, a date now set at June 29, 1990, the defendants have moved for immediate disclosure of this material. A defendant is not normally entitled to such a list of Government witnesses "absent 'some particularized showing of need.'" *United States v. Wilson*, 565 F.Supp. 1416, 1438 (S.D.N.Y.1983), *aff'd* 750 F.2d 7 (2d Cir.1984), *cert. denied*, 479 U.S. 839, 107 S.Ct. 143, 93 L.Ed.2d 85 (1986). The defendants have failed to make any such particularized showing of need to warrant production of a witness list, and therefore this motion should be denied. The defendants' request for an exhibit list should similarly be denied. The defendants are only entitled to that dis-

covery required by Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure, and this request falls outside the scope of that rule.

The defendants' final discovery motion is for production of all evidence of prior similar acts in the Government's possession. The Government represents that the only such evidence in its possession is the defendants' prior rap sheets, previously produced to defendants. Should the Government offer any additional evidence of this sort, it must make that evidence available to the defense and Court before being offered at trial. This motion is resolved consistent with this ruling.

Accordingly, defendants' discovery motions are hereby denied.

SO ORDERED.