UNITED STATES, Appellee,

v.

John K. PRUNER, Sergeant, U.S. Army, Appellant.

Misc. No. 91–27.
CM 9100845.

U.S. Court of Military Appeals.

Argued July 9, 1991.

Decided Sept. 26, 1991.

For Appellant: *W. Christopher Hodge, Esq.* (argued); *Captain Upinder S. Bal and Captain Mark Tellitocci* (on brief).

For Appellee: *Captain Joel J. Berner* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Thoms E. Booth, Major Maria C. Fernandez* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

This is a writ appeal to review a decision of the United States Army Court of Military Review denying a servicemember's petition for extraordinary relief. *See* Rules 4(b)(2) and 18(a)(4), Rules of Practice and Procedure, United States Court of Military Appeals. *See generally Ellis v. Jacob,* 26 MJ 90, 91 n.2 (CMA 1988). In his petition below, Sergeant Pruner asked for

an Order directing the Convening Authority in [his case] to declassify certain *secret information in the Government's possession* and to authorize the Petitioner to discuss *Top Secret [Sensitive] Compartment[ed] Information ("SCI")* he possesses with his civilian and detailed military defense counsel without civilian counsel being required to obtain a security clearance. In the alternative Petitioner requests an Order requiring dismissal of the charges pending against the Petitioner.

(Emphasis added.) The court below summarily denied relief on April 29, 1991.

We hold that the Court of Military Review did not legally err in denying this petition for extraordinary relief. Appellant's request for a declassification order for certain classified information in the Government's possession is premature and must first be presented to the military judge for resolution in accordance with Mil. R.Evid. 505(f) and (g), Manual for Courts–Martial, United States, 1984. *See also* Mil. R.Evid. 505(d) and (e); *see generally United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). His second request for an order permitting disclosure of additional government classified information known by him to his uncleared military and civilian defense counsel was also properly denied on the basis that he failed to comply with the streamlined clearance procedures[1] provided in paragraph 3–404, Army Regulation (AR) 380–67.[2] *See generally Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). *See United States v. Jolliff,* 548 F.Supp. 229, 231 (D. Md.1981). Finally, his alternative request for dismissal of the charges is not warranted by the holding of this Court in *United States v. Nichols,* 8 USCMA 119, 23 CMR 343 (1957).

On January 25, 1991, appellant, a former intelligence analyst with the 1st Infantry Division, was charged with desertion with intent to avoid hazardous duty, absence without leave with intent to avoid maneuvers, and missing movement, in violation of Articles 85, 86, and 80, Uniform Code of Military Justice, 10 USC §§ 885, 886, and 880, respectively. Appellant's offenses arose out of his alleged earlier failure to deploy with his unit to Saudi Arabia for participation in Operation Desert Shield/Desert Storm. Appellant waived his right to an investigation under Article 32, UCMJ, 10 USC § 832, on February 7, 1991. The charges were referred to a general court-martial on February 12, 1991.

On March 14, 1991, defense counsel informed the military judge that appellant had acquired classified information during his service as an intelligence analyst which the defense had reason to believe would be relevant to its case in extenuation and mitigation. He noted that appellant was not permitted to disclose this information to his counsel because they lacked the appropriate security clearance [Top Secret—Sensitive Compartmented Information (SCI)]. At a pretrial conference with the military judge, appellant's civilian and two military defense counsel requested the appropriate security clearances so that they could effectively represent their client. The military judge determined that all defense counsel were entitled to the requested security clearances. Thereafter, the Government took action to insure that all trial participants (the military judge, trial and defense counsel, and the court reporter) completed the necessary security forms so that the requested security clearances could be given or updated.

---

**1.** Information Security Program Regulation Department of Defense Regulation 5200.1–R (28 April 1987), provides:

   7–103  *Other Situations*

   **When necessary in the interests of national security, heads of DoD Components, or their single designee, may authorize access by persons outside the federal government, other than those enumerated in subsections**

**7–101 and 7–102, to classified information upon determining that the recipient is trustworthy for the purpose of accomplishing a national security objective; and that the recipient can and will safeguard the information from unauthorized disclosure.**

**2.** *See* Appendix I.

On March 19, 1991, the military judge ruled that appellant's waiver of his Article 32 investigation was invalid and ordered a new pretrial investigation and referral. Despite requests by the Government, appellant's civilian counsel, Mr. Hodge, and one of the two military defense counsel subsequently failed to complete the forms necessary to issue the requested security clearances. They contended that completion of the forms prior to receiving the requested security clearances was not only an invasion of Mr. Hodge's right to privacy but an unauthorized requirement placed on defense counsel by the Government.

Mr. Hodge continued to refuse to submit this requested information and instead, on April 9, 1991, requested that the convening authority either declassify all the Top Secret SCI material requested or dismiss the charges against his client. He relied principally on Article 38, UCMJ, 10 USC § 838, and a 1957 decision from our Court—*United States v. Nichols*, 8 USCMA 119, 23 CMR 343 (1957). The convening authority denied this request on April 16, 1991.

In an effort to make completion of such forms less burdensome to Mr. Hodge, trial counsel on April 24, 1991, arranged a "streamlined" procedure for him in accordance with paragraph 3–404, AR 380–67 (effective Oct. 7, 1988). The only information Mr. Hodge needed to supply the Government prior to a decision on his security clearance and exigency access was his full name, social security number, date and place of birth, and current residence address. He also was *required* to execute a DOD Non–Disclosure Agreement (SF 312). On that same day, civilian defense counsel filed a petition for extraordinary relief with the United States Army Court of Military Review, which was denied on April 29, 1991.

Appellant filed his writ-appeal petition in this Court on May 23, 1991, and oral argument was held on July 9, 1991. During the interim, an Article 32 investigation was held in this case in early June 1991 and the original charges (except for changing the missing movement to an attempt) were re-ferred to a general court-martial on June 25, 1991. On June 28, 1991, the military judge issued an order to appellant's counsel to complete and submit the required forms, disclosures and non-disclosure agreements within 7 days of this Court's decision on his writ appeal.

─────

■ The first issue before us concerns appellant's request for an order directing disclosure to the defense of certain classified information in the possession of the Government. He relies on the decision of this Court in *United States v. Nichols, supra,* and asserts that the Government must simply declassify this information or dismiss the charges against him. For reasons noted later, we disagree with his broad reading of our precedent. More particularly, we hold that the requirements of Mil.R.Evid. 505(f) and (g), calling for specific rulings by a military judge on such requests, do not patently conflict with any provision of the Uniform Code of Military Justice or the Sixth Amendment. *See United States v. Zettl,* 889 F.2d 51 (4th Cir.1989), *cert. denied,* 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 940 (1990); *United States v. Wilson,* 721 F.2d 967, 976 (4th Cir.1983); *United States v. Jolliff,* 548 F.Supp. 229 (D.Md.1981). *See generally United States v. Nixon, supra.* Since there has been no ruling by the judge on appellant's pretrial requests for this information, this portion of his petition for extraordinary relief is clearly premature. Accordingly, extraordinary relief was not warranted on this basis. *See Harrison v. United States,* 20 MJ 55, 57–58 (CMA 1985).

■ The second issue we will consider is appellant's request for an order permitting him to disclose to his civilian and military counsel his recollection of confidential government information once in his possession. *See* Mil.R.Evid. 505(h). He again relies on *United States v. Nichols, supra,* and asserts that these attorneys cannot be required to obtain a security clearance before this disclosure. *See generally* Art. 38. *But see* Mil.R.Evid. 505(g)(1)(D). We again

disagree with the broad reading of our *Nichols* decision and hold that the streamlined attorney clearance requirements of paragraph 3–404(f), AR 380–67, are eminently reasonable[3] and do not violate the Constitution or the Uniform Code of Military Justice. Art. 36, UCMJ, 10 USC § 836; Mil.R.Evid. 505(h) and (k); § 7–103, DOD Regulation 5200.1–R (28 April 1987). *See United States v. Moore,* 32 MJ 56 (CMA 1991); *United States v. Davis,* 29 MJ 357, 359–60 (CMA 1990); *see also United States v. Jolliff, supra.*

■ Finally, appellant's reliance on *United States v. Nichols, supra,* for a disclose-or-dismiss rule in the circumstances of this case is misplaced.[4] There, as in the present case, civilian defense counsel realized that classified materials were involved in the prosecution of his client and requested a security clearance prior to the court-martial. In *Nichols,* however, the convening authority not only refused to initiate the security clearance process but ordered the Article 32 investigation to proceed without defense counsel being present. The convening authority thought that "the investigation required by Article 32, Uniform Code of Military Justice, is not judicial in nature ... " (8 USCMA at 122, 23 CMR at 346) and concluded counsel need not be there. This Court held that "it was error to exclude ... [defense counsel] from the pretrial investigation." 8 USCMA at 125, 23 CMR at 349. We do not depart from that particular holding today but simply note that civilian defense counsel in this case was not denied the opportunity to be present and participate at appellant's Article 32 investigation.

Nevertheless, appellant cites language from the majority opinion in *Nichols* suggesting a broader rule. Removing this language from its particular context, he asserts that the Government, in a case where classified material may be used at trial and where defense counsel either does not possess or refuses to seek an appropriate security clearance, has only two options. First, it must declassify the requested defense material; or second, it must dismiss the charges. 8 USCMA at 125–26, 23 CMR at 349–50. Such language, however, was clearly dicta, was effectively repudiated as "unsound" by Judge Latimer in his opinion concurring in the result, 8 USCMA at 126, 23 CMR at 350, and is expressly rejected by this Court today.

Judge Latimer in his *Nichols* opinion properly noted that, in a classified case, the Government should not bear the full burden of obtaining a security clearance for the defense but rather, "as a condition precedent to the performance of the Government's obligation, the lawyer must collect, compile, and furnish the Government with the information upon which to base a decision" to grant a security clearance. 8 USCMA at 126, 23 CMR at 350. Judge Latimer, perhaps foreseeing the case at bar, went on to state, "In the event defense counsel refuses to initiate a request with its information base, or becomes adamant, dilatory, or otherwise seeks to delay the judicial processes, the Government should be permitted to proceed." 8 USCMA at 126–27, 23 CMR at 350–51. We agree.

In Federal civilian criminal trials, reasonable steps can be taken to protect classified materials from unnecessary disclosure which would be detrimental to the national security. *See* Classified Information Procedures Act, Pub.L. No. 96–456, 94 Stat. 2025 (1980), codified in 18 USC App. §§ 1–

---

3. *See* Appendix II.

4. Article 38, Uniform Code of Military Justice, 10 USC § 838, and cases interpreting it from our Court offer no support for appellant's contention that Article 38 prohibits the Government from making a security clearance a condition precedent to the release of classified information to a defense counsel. There are no words in the statutory language of Article 38 which so

hold. Cases like *United States v. Kinard,* 21 USCMA 300, 45 CMR 74 (1972) (Article 38 allows an accused the right to a civilian counsel at no cost to the Government), and *United States v. Kraskouskas,* 9 USCMA 607 26 CMR 387 (1958) (civilian defense counsel must be qualified to practice in a state before they can appear at a court-martial), are not relevant to appellant's position.

12; *United States v. Fernandez*, 913 F.2d 148, 154–55 (4th Cir.1990); *United States v. Smith*, 780 F.2d 1102 (4th Cir.1985). *See generally United States v. Nixon, supra.* Similar reasonable procedures are provided at courts-martial through the Military Rules of Evidence, Department of Defense Directives, and Service Regulations.

The proper procedure to be followed at this court-martial is for defense counsel to apply for an appropriate security clearance and to furnish the minimal information which would allow the Government to make a decision whether to grant the security clearance. Mil.R.Evid. 505(k); § 7–103, DOD Regulation 5200.1–R (28 April 1987); para. 3–404, AR 380–67. If the clearance is denied, then the military judge can conduct an *in camera* hearing to determine whether denial of such clearance was arbitrary or unsupportable in law. If the denial is found by the military judge to be arbitrary or unsupportable in law, then the judge can use his judicial power to abate the proceeding until a clearance is issued. *See generally* Mil.R.Evid. 505(h) and (i)(4)(C). If the security clearance is granted, then the military judge, according to the remaining requirements of Mil.R. Evid. 505, should ensure proper protection of the use of classified materials by all means available to include protective orders and closed proceedings.[5]

The writ-appeal petition is denied.

Judge COX and Senior Judge EVERETT concur.

## APPENDIX I

Army Regulation 380–67, Personnel Security Program (Eff. 7 Oct.1988)

3–404. *Access by persons outside the executive branch*

a. Access to classified information by persons outside the executive branch shall be accomplished in accordance with chapter VII, DOD 5200.1–R (AR 380–5) (reference (q)). The investigative requirement shall be the same as for the appropriate level of security clearance, except as indicated below.

\*    \*    \*    \*    \*    \*

f. Attorneys representing DOD military, civilian or contractor personnel, requiring access to DOD or DA classified information to properly represent their clients, shall normally be investigated by DIS and cleared in accordance with the prescribed procedures in paragraph 3–401. This shall be done upon certification of the General Counsel of the DOD Component involved in the litigation or Office of The Judge Advocate General that access to specified classified information, on the part of the attorney concerned, is necessary to adequately represent his or her client. *In exceptional instances, when the exigencies of a given situation do not permit timely compliance with the provisions of paragraph 3-401, access may be granted with the written approval of an authority designated in paragraph F-1, appendix F, provided that as a minimum: (a) a favorable name check of the FBI and the DCII has been completed, and (b) a DOD Non–Disclosure Agreement has been executed.* Requests for access for attorneys representing DA military, civilian, or contractor personnel will be submitted through the Office of The Judge Advocate General (DAJA–AL), Washington, DC 20310–2212 to the Office of The Deputy Chief of Staff for Intelligence (DAMI–CIS), Washington, DC 20310–1056. In postindictment cases, after a judge has invoked the security procedures of Public Law 96–456, Stat.2025, the Classified Information Procedures Act (CIPA) (reference (nn)), the Department of Justice may elect to conduct the necessary background investigation and issue the required security clearance, in coordination with the affected DOD Component or the DA.

---

**5.** Such a result is suggested in Maher, *The Right to a Fair Trial in Criminal Cases Involving the Introduction of Classified Information*, 120 Mil. L.Rev. 83, 92 (1988).

(Emphasis added; emphasis in original omitted.)

## APPENDIX II

This procedure is substantially similar to the one provided in the Security procedures established pursuant to Act Oct. 15, 1980, P. L. 96–456, 94 Stat. 2025, by the Chief Justice of the United States for the protection of classified information:

**4. Personnel Security–Court Personnel.** No person appointed by the court or designated for service therein shall be given access to any classified information in the custody of the court, unless such person has received a security clearance as provided herein and unless access to such information is necessary for the performance of an official function. A security clearance for justices and judges is not required, but such clearance shall be provided upon the request of any judicial officer who desires to be cleared.

The court shall inform the court security officer or the attorney for the government of the names of court personnel who may require access to classified information. That person shall then notify the Department of Justice Security Officer, who shall promptly make arrangements to obtain any necessary security clearances and shall approve such clearances under standards of the Executive Branch applicable to the level and category of classified information involved. The Department of Justice Security Officer shall advise the court in writing when the necessary security clearances have been obtained.

If security clearances cannot be obtained promptly, personnel in the Executive Branch having the necessary clearances may be temporarily assigned to assist the court. If a proceeding is required to be recorded and an official court reporter having the necessary security clearance is unavailable, the court may request the court security officer or the attorney for the government to have a cleared reporter from the Executive Branch designated to act as reporter in the proceedings. The reporter so designated shall take the oath of office as prescribed by 28 U.S.C. § 753(a).

Justices, judges and cleared court personnel shall not disclose classified information to anyone who does not have a security clearance and who does not require the information in the discharge of an official function. However, nothing contained in these procedures shall preclude a judge from discharging his official duties, including giving appropriate instructions to the jury.

Any problem of security involving court personnel or persons acting for the court shall be referred to the court for appropriate action.

**5. Persons Acting For The Defendant.** *The Government may obtain information by any lawful means concerning the trustworthiness of persons associated with the defense and may bring such information to the attention of the court for the court's consideration in framing an appropriate protective order pursuant to Section 3 of the Act.*

**6. Jury.** Nothing contained in these procedures shall be construed to require an investigation or security clearance of the members of the jury or interfere with the functions of a jury, including access to classified information introduced as evidence in the trial of a case.

After a verdict has been rendered by a jury, the trial judge should consider a governmental request for a cautionary instruction to jurors regarding the release or disclosure of classified information contained in documents they have reviewed during the trial.

(Emphasis added.) *See* Classified Information Procedures Act, 18 USC App. § 9.