**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Efren CALIMPONG, Defendant– Appellant.**

No. 97–10306.

D.C. No. CR–96–00100–JSU.

United States Court of Appeals, Ninth Circuit.

Argued Telephonically and Submitted July 12, 2001.

Decided Aug. 1, 2001.

---

1.  700 F.2d 486, 491–92 (9th Cir.1983).

2.  241 F.3d 1220 (9th Cir.2001).

3.  *Id.* at 1224.

Before CANBY, HAWKINS, and GOULD, Circuit Judges.

### MEMORANDUM *

■ The indictment was not duplicitous. It alleged two different means of committing the same offense. Nothing in the first paragraph of 18 U.S.C. § 641 suggests that it is defining two completely separate crimes. An indictment may conjunctively charge various means of committing the offense, and proof of any one means will sustain a conviction. *United States v. UCO Oil Co.*, 546 F.2d 833, 838 (9th Cir. 1976). It is "not a valid objection that ... the jury, in arriving at a unanimous verdict, may not agree on the particular means by which the offense was committed." *Id.*[1] The indictment was sufficient because it adequately alleged the acts for which Calimpong was tried. Nor was there plain error in the jury instructions.

■ The district court did not abuse its discretion in denying Calimpong's motion for a new trial. If it was error to exclude the proffered testimony of Calimpong's supervisor, such error was harmless in the overall context of the trial. *United States v. Diaz*, 961 F.2d 1417, 1420 (9th Cir.1992). There was substantial evidence of Calimpong's guilt, and his trial testimony was implausible and inconsistent.

■ The district court failed to address Calimpong's argument that the court had erroneously admitted Damian's testimony about his prior theft of a washing machine for Calimpong. This testimony satisfies Federal Rule of Evidence 404(b) and our decision in *United States v. Bracy*, 67 F.3d 1421, 1432 (9th Cir.1995). The testimony demonstrated knowledge and opportunity, and it explained Damian's decision not to share the money from the refrigerator sale with Calimpong.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Zettl*, 889 F.2d 51, 53 (4th Cir.1989), states that the first paragraph of § 641 prohibits "two separate acts." Of course, the different ways of stealing government property will constitute different types of "acts." But that is very different from saying, as Calimpong contends, that they constitute separate "crimes."