No. 27,764.

W. L. CLARK, *Appellee*, v. THE LINLEY MOTOR COMPANY, *Appellant*.

(268 Pac. 860.)

Opinion filed July 7, 1928.

*Ralph U. Pfouts* and *Lawrence F. Day*, both of Atchison, for the appellant.
*Z. E. Jackson*, of Atchison, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover the purchase price of a Fordson tractor and a set of plows. The Ford Motor Company was originally made a party to the action, but went out of the case on the sustaining of a motion to quash service. A second cause of action went out of the case on a requirement at the close of the

plaintiff's evidence that he elect. From a judgment for plaintiff based on his first cause of action, the defendant appeals.

A history of the transaction is stated in the court's findings as follows:

". . . On October 10, 1925, the plaintiff purchased from defendant, Linley Motor Company, a Fordson tractor and a tractor plow and . . . gave to said defendant his check for $661, which covered the agreed price of said tractor and plow ($657), and $4 for five gallons of oil, and at the time . . . defendant gave to plaintiff cash amounting to $17.85 by way of rebate or interest money. That the agreement . . . was verbal.

"That said tractor and plow was sold to plaintiff to be by him used in plowing land on his farm in Atchison county, and was orally and impliedly warranted to be fit for the purpose for which it was sold.

"That said tractor was not reasonably fit for the purpose for which it was sold to plaintiff, and plaintiff so advised defendant; and thereupon defendant sent its agent to plaintiff's farm, where the tractor was located, and replaced the carburetor which was on said tractor with a new one; and at the time of so doing defendant's agent stated to plaintiff that the trouble he had been having with the tractor had been caused by the carburetor, and the replacement of the carburetor would and had remedied said trouble and that henceforth the tractor would work satisfactorily.

"That thereafter said tractor failed to perform the services for which it was sold and purchased, and that plaintiff again notified defendant of such failure; and thereupon defendant again sent its agent to the farm of plaintiff, where said tractor was located, and attempted to operate same, and then discovered that said tractor contained no lubricant in the transmission case.

"That the lack of lubricant in the transmission case was caused by the negligence of the defendant's agents and employees prior to the time of delivery of the tractor to the plaintiff and during the demonstration thereof by the defendant's agents and employees, without the knowledge of plaintiff, and that such lack of lubrication caused such damage to the tractor that it was not reasonably fit for the purpose for which it was sold and purchased.

"That thereafter plaintiff notified defendant that said tractor had failed to do the work for which it had been purchased, and that said tractor was unsatisfactory, and demanded that defendant replace said tractor with one that was fit for and would do the work for which the tractor in question had been purchased.

"That thereafter, defendant's manager, with other agents of defendant, went to the farm of plaintiff, where said tractor was located, drove said tractor off of said farm and into the public road and then attempted to drive said tractor into and upon plaintiff's premises, whereupon plaintiff refused to permit defendant's agent so to do, and then and there tendered and returned the tractor to defendant's manager and other agents present, and thereupon defendant's manager refused to accept such tractor, and allowed it to be placed and remain in the public road.

"That said tractor has remained at the place where it was left by defendant at all times since being so left by defendant, except on one occasion when

it was by plaintiff moved into a garage on his premises for the purpose of examination by mechanics and determination, if possible, the condition of the mechanism, and this without permission or consent of defendant. That immediately after such examination said tractor was by plaintiff returned to the place in the public road where it had heretofore been left by defendant and has remained at the place where it was so left by defendant and now remains there.

"That by the acts of defendant in refusing to accept the return of said tractor and the statements made by defendant to plaintiff at the time return of said tractor was tendered, the plaintiff understood and knew that an offer to return the plow, which was purchased with the tractor, would be useless and futile and unavailing, and that plaintiff makes no claims to said plow.

"The court finds that at the time plaintiff paid for the machinery involved herein he gave in payment for said machinery the sum of $657, and then immediately received back in cash as a refund or rebate the sum of $17.85, and that he has not at any time returned or offered to return said money or any part thereof to the Linley Motor Company.

"That [by] the acts of the defendant in refusing to accept return of said tractor and the statements made by defendant to plaintiff at the time return of said tractor was tendered, the plaintiff understood and knew that an offer to return said refund or rebate of $17.85 would be useless, futile and unavailing."

The court concluded:

". . . . That the acts and statements of the parties constitutes an offer by plaintiff to return the property purchased and a refusal of defendant to accept it and a waiver of tender on the part of defendant; that the acts and statements of defendant in refusing to accept return of said tractor, and the statements made by defendant to plaintiff at the time return of said tractor was tendered, constituted a waiver on the part of defendant of any right it may have had to a tender of said refund or rebate of $17.85; . . . that the acts and statements of the parties constitutes a rescission of the contract on the part of the plaintiff in proper time and before the commencement of the action. The court finds the issues in favor of the plaintiff, and that plaintiff is entitled to have and recover judgment of and from the defendant for the sum of $639.15, with interest at six per cent per annum from October 10, 1925, and costs of suit, and that the defendant is entitled to said tractor and plow."

The defendant contends that the first count of plaintiff's petition did not state a cause of action. It appears that no demurrer was filed thereto, but on plaintiff's first offer of testimony defendant objected that the petition failed to state facts sufficient to constitute a cause of action. No specific defect in the petition was pointed out until consideration of the motion for a new trial, when it was argued and is now insisted that the petition disclosed no tender back by the plaintiff of the purchased property. The plaintiff al-

leged that he received the tractor and plow and paid for them; that they were placed on his premises; tried out; that the tractor did not do the work for which it was purchased; that defendant attempted to make it work; that during the course of the last demonstration by defendant the tractor was pulled into a public road, and that plaintiff refused to permit the defendant to again bring it upon his land.

The plaintiff contends that if the defendant seriously contended that the first count of the petition failed to state a cause of action, the question should have been raised either by demurrer thereto or by presentation of the point on the objection to the introduction of evidence; that nowhere in the record does it appear what the claimed defect of the petition was except by reference to plaintiff's brief in this court.

The rule has frequently been announced, and should be applied here, that whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably fails to grasp it, it will avail naught to disturb the judgment on appeal. (See *Threshing Machine Co. v. Francisco,* 106 Kan. 704, 189 Pac. 981; *Livingston v. Lewis,* 109 Kan. 298, 198 Pac. 952; *Emery v. Bennett,* 97 Kan. 490, 492, 155 Pac. 1075; *Bremen State Bank v. Loffler,* 121 Kan. 6, 245 Pac. 742; *State v. Bell,* 121 Kan. 866, 250 Pac. 281.)

It is contended that a demurrer to the evidence should have been sustained because it failed to show a return or offer to return the plow or any excuse for not returning or offering to return it. There was evidence that on one occasion when plaintiff and defendant's agents were discussing the transaction on plaintiff's place, plaintiff said:

"We went to the alfalfa field and then to the tool house, and I said, 'What are you going to do now?' and he (Linley) said, 'I am not going to do anything'; and I said, 'Here is the plug that was found; all I want you to say is what you are going to do.' I said, 'Here is the plow; if you want to give me a new tractor it is all right, but if you do not, I do not want the plow.'"

We are of opinion there was sufficient evidence to sustain the court's findings. (See *Rowan v. Rosenthal,* 113 Kan. 604, 215 Pac. 1008; *Walker v. Eckhardt,* 122 Kan. 453, 251 Pac. 1093.)

A contention that the plaintiff failed to prove the incorporation of the defendant cannot be sustained. The defendant filed its separate answer which stated, among other things:

"Comes now the Linley Motor Company and for its separate answer to the first count of plaintiff's petition denies each and every statement, averment and allegation therein contained, except such as are hereinafter specifically admitted."

While it did not specifically admit the Linley Motor Company was a corporation, the answer was verified in the following words:

"Roy Linley, being duly sworn on oath says that he is the president of the defendant, the Linley Motor Company, and that as such he makes this affidavit for and on behalf of said defendant," etc.

Previously, when all parties were in court, the defendant appeared generally, filed motions and obtained extension of time in which to further plead; defendant, the Ford Motor Company, had entered its special appearance and filed motion to set aside service of summons on it. The Ford Motor Company and appellant were represented by the same counsel. The matter then under consideration was the motion of the Ford company to set aside service of summons upon it. Roy Linley, the president of appellant, was called as a witness on behalf of the Ford company and testified:

"Q. You are the president of the Linley Motor Company? A. Yes.
"Q. A corporation organized under the laws of Kansas? A. Yes.
"Q. Having its principal place of business at Atchison, Kansas, and having all of its places of business, if there be more than one, in Atchison county, Kansas? A. Yes."

The plaintiff contends that if there was a technical deficiency in the proof of incorporation, the attention of the trial court should have been directed to it. We are of opinion that the answer and verification thereof showed as a matter of fact that the defendant was a corporation, and under the present liberal rules of practice the court, from the evidence previously taken on the motions, was warranted later on in the trial in resolving the inferences in favor of the plaintiff on consideration of the demurrer to the evidence. (See cases cited *supra*.) Moreover, it has been held that a corporation, by appearing to a suit, thereby admits its corporate existence and that proof of such fact is not necessary. (*Gulf Rld. Co. v. Shirley*, 20 Kan. 660.) Other contentions have been considered, but we find no error.

The judgment is affirmed.