**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Felix JUAN, a/k/a Manuel,**
**Defendant-Appellant.**

**No. 84–3122.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 22, 1985.

Bennie Lazzara, Jr., Tampa, Fla., for defendant-appellant.

Charles A. Caruso, Asst. U.S. Atty., Tampa, Fla., Louis M. Fischer, U.S. Dept. of Justice, Appellate Section, Crim. Div., Washington, D.C., Samuel Rosenthal, Washington, D.C., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

## JURISDICTION

Appellant stands convicted, on his guilty plea, of drug offenses. However, the plea was "conditional," reserving appellant's right to appeal a pretrial ruling of the district court.

Rule 11(a)(2), F.R.Cr.P. provides:

Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

At oral argument, the court *sua sponte*, raised questions as to whether or not Rule 11(a)(2) was properly utilized in this proceeding and requested supplemental briefs which have been supplied. We conclude that the appeal is properly taken.

## CIPA

The pre-plea ruling of the district court, reserved for appeal under Rule 11(a)(2) was made under the provisions of the Classified Information Procedures Act, 18 U.S.C.App. §§ 1–16 (1976 & Supp. V 1981) hereinafter sometimes referred to as CIPA. We have reviewed its pertinent provisions in *United States v. Collins*, 720 F.2d 1195 (11th Cir. 1983).

It is not disputed that, pursuant to Section 5(a) of CIPA, appellant adequately set forth the apparently classified information he believed to be necessary to his defense. Pursuant to Section 6 of CIPA, the government responded to the Section 5(a) notice by contesting the materiality of the classified information to appellant's defense. Upon the issue thus joined, the district court ruled the classified information not material and held that it would not be admissible at trial. The government and the defendant/appellant entered into a written agreement that, pursuant to Rule 11(a)(2) this ruling would be reserved for

appeal upon defendant's entering a guilty plea. The plea was then taken and sentence was imposed.

## MATERIALITY

█ Disclosures made by appellant pursuant to CIPA were to the effect that appellant did not dispute the acts asserted by the government to have been performed by appellant. His defense was that he lacked criminal intent because he reasonably thought that he was doing those things in cooperation with the U.S. Government. He acknowledged that, standing alone, his assertion of this belief would appear incredulous. However, he sought to show that, at an earlier time, he had engaged in a relationship with government agencies the nature of which were such that his belief, at the time of the charged crime, was reasonable and genuine. We conclude that, under the peculiar circumstances of this case, proof of the prior relationship was of sufficient materiality that the district court's denial of his offer to prove it was error. In reaching this conclusion, we have kept in mind the wide discretion in the trial judge to determine questions of relevancy and materiality. We may not, and ought not, disturb such determinations except in those cases where we conclude that the reaches of that discretion have been exceeded. The peculiar nature of this case persuades us that this is such an occasion.

Appellant's contention of innocent intent in this case would strain the credulity of reasonable jurors unless it could be made to appear that, as incredulous as it might seem, the belief may have rested upon a real and genuine basis. Evidence of the basis is material, whether or not it might ultimately be persuasive. Clearly, the mere fact that appellant had, in the past, engaged in the activity he seeks to prove does not insulate him from criminal responsibility for unlawful acts thereafter.[1] His claim of innocent intent may well remain unbelievable even though supported by his historical evidence. Yet, the past events tend to make more plausible that which, absent proof of those events, would be implausible. Appellant should be allowed, subject to the discussion below, to establish the premise for his claim.

### Section 6(c)

We do not hold that appellant's subpoenae *duces tecum* must be abided by the government; we do not hold that appellant must be allowed to put details of his earlier activity into the record. The defendant/appellant may be accorded a fair trial without such detailed proof.

█ Section 6 of CIPA provides for some limitation upon proof of material fact. Particular attention is called to 6(c) entitled *Alternative procedure for disclosure of classified information.* The government is permitted to move for:

(A) the substitution for such classified information of a statement admitting relevant facts that the specific classified information would tend to prove; or

(B) the substitution for such classified information of a summary of the specific classified information.

In appraising materiality, the court is not to consider the classified nature of the evidence. See *United States v. Collins*, supra, 1199. However, in passing upon a motion under Section 6(c) the trial judge should bear in mind that the proffered defense evidence does involve national security. Such a motion should be granted if the alternative "will provide the defendant with substantially the same ability to make his defense."

Whether or not an alternative would be sufficient for the protection of the national interest in the security of classified information is not to be determined by the court. What may appear to the court to be innocuous may be dangerously revealing to

---

[1] The district judge can evaluate whether or not instructions to the jury to that effect would be proper.

those more informed. The government is the party to propose Section 6(c) alternatives. The court may find that a 6(c) alternative proposed by the government will provide the defendant with his defense, even though the defendant might rather threaten his prosecutor with the disclosure of more detail.

## CONCLUSION

The appellant must be allowed to show that he has had a prior relationship and to urge that it makes his claim of innocent intent credible. Therefore, the holding that the prior activity is immaterial is reversed.

Therefore, the judgment of guilty is VACATED. If the appellant does not request a trial, the district court may reinstate the judgment. If the defendant requests a trial, the government shall be granted a reasonable opportunity to move under Section 6(c).

VACATED and REMANDED.