UNITED STATES of America, Plaintiff–Appellee,

v.

Hector Enrique REYES–VASQUEZ, Defendant–Appellant.

No. 89–5309.

United States Court of Appeals, Eleventh Circuit.

July 13, 1990.

Kenneth Lange, Bay Harbor Islands, Fla., for defendant-appellant.

Daniel S. Gelber, Asst. U.S. Atty., Lynne W. Lamprecht, Linda Collins Hertz, Miami, Fla., for plaintiff-appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and BRIGHT *, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

■ Appellant Reyes–Vasquez ("Reyes"), convicted of possessing cocaine with intent to distribute it, challenges his conviction in four ways, only one of which has sufficient merit to discuss in detail.[1]

Reyes was arrested after trying to sell seven kilograms of cocaine to Amato[2], an undercover Drug Enforcement Administration (DEA) agent. Reyes denies neither that he was in possession of the cocaine nor that he intended to give it to Amato. Instead, Reyes claims that he set up the

---

\* Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. Reyes claims the trial court improperly prevented him from obtaining various CIA files and the addresses of Portell, the confidential informant, and Mendez, who was allegedly Reyes' CIA case officer. But because Reyes requested these files and these locations to prove a defense that is invalid in any event, the trial court was within its discretion in denying access.

Reyes also mounts a fifth amendment challenge to the sentencing guidelines, a claim which is foreclosed by our recent holding in *United States v. Erves*, 880 F.2d 376, 379 (11th Cir.1989).

2. Although the record and the appellant's brief refer to this individual as "Amaro," the government's brief refers to him as "Amato." Both of these references are to the same person.

cocaine transaction pursuant to his work in a CIA-run intelligence operation designed to infiltrate a leftist Colombian terrorist organization, M–19.

After bringing Reyes into the United States, giving him cash and papers, and moving him to Miami, the CIA—Reyes says—instructed him to arrange a drug deal with Correa and Portell, two suspected M–19 members. After Reyes negotiated the terms of a cocaine deal with Correa and Portell, these two brought a large quantity of cocaine to Reyes' home. According to Reyes, while the CIA was staking out his house, Reyes negotiated a selling price with Amato, who was to buy the cocaine supplied by Correa and Portell. After Amato left the house pretending to get the purchase money from his car, DEA agents, including Amato, rushed in and arrested Correa and Reyes.[3]

Reyes claims the CIA intended to "arrest" Correa and Portell and to use the threat of criminal prosecution to persuade them to act as informants for the CIA. Neither the CIA nor Reyes knew, however, that Portell was a confidential informant for the DEA; after Portell gave the DEA advance notice of the drug transaction, the DEA—apparently unaware of the CIA agents who were allegedly staking out the house at precisely the same time—made the raid. Under Reyes' version of the facts, when the CIA agents staking out the house saw the DEA arrive, the CIA melted away and left him to be arrested.

■ In *United States v. Rosenthal*, 793 F.2d 1214, 1235–37 (11th Cir.1986), *modified on other grounds*, 801 F.2d 378 (11th Cir.1986), we rejected a similar "CIA intelligence gathering" defense. Relying on *Ro-*

*senthal*, the trial court granted the government's pretrial motion to prohibit testimony about Reyes' CIA authority.[4] After this grant, Reyes' counsel refused to take part in the trial, at the conclusion of which the jury returned a guilty verdict. Reyes appeals the grant of the government's motion to exclude evidence, which we review for abuse of discretion. *See United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir. 1983).

■ Reyes argues that the trial court should have allowed testimony about his CIA involvement; he claims his belief that the CIA had the authority to conduct drug "sting" operations should exonerate him. The CIA, however, possesses no authority to violate federal narcotics laws, *see* Executive Order No. 12333, 3 C.F.R. 200 (1982); and Reyes' proffered defense fails as a matter of law, *Rosenthal*, 793 F.2d at 1236.

■ At oral argument on this appeal, Reyes tried to cast this contention in a different light, arguing that testimony about the CIA is relevant to determine whether he had the specific intent to distribute cocaine, an essential element of his crime. But because Reyes failed to argue in the district court that he never intended to deliver cocaine to another person, we decline to address the argument here. *See Wu v. Thomas*, 847 F.2d 1480, 1484–85 (11th Cir.1988); *Lim v. Central DuPage Hosp.*, 871 F.2d 644, 647–48 (7th Cir.1989).

■ In presenting arguments to busy trial courts, subtlety is no virtue. As we read the record, Reyes failed to raise, and the trial court did not bar, the "no-intent-to-distribute" defense. In Reyes' appellate reply brief, he states that "[t]he complete

---

3. Criminal charges against Correa were dropped for unrelated reasons.

4. The trial court granted the government's motion as follows:

Concerning the Government's motion in limine to preclude the defendant's reliance on the public authority defense, that motion is granted based upon [*Rosenthal*].

I find that case and the facts in this case to be on all fours. I also reject the concept of the estoppel defense raised in this case for two reasons.

Number one, because I think it is basically just a back way of arguing the public authority defense in the *Talmadge* [sic] case [*United States v. Tallmadge*, 829 F.2d 767 (9th Cir. 1987)], and I don't think that is a legally cognizable defense under the facts presented.

So I am striking those defenses and instructing defense counsel there will be no elicitation of those defenses during the trial of this case starting Tuesday morning.

T.R. I–44–45.

exposition of the defense theory, and argument on all defense motions, can be properly found at T. Vol. I, p. 3, line 8 through page 21, line 14; pp. 34, line 17 through page 50, line 23. Also T. Vol. II, January 17, 1989, pp. 2 through 9, line 16; p. 73, lines 8–14; p. 74, lines 7–11; p. 75, line 23 through page 76, line 8." In this "complete exposition," Reyes fails to raise the no-intent-to-distribute issue; he relies exclusively on his "public authority" and "entrapment by estoppel" defenses foreclosed by *Rosenthal.*[5]

In addition, the context of the passage from Reyes' trial brief quoted by the dissent shows that Reyes failed to raise the intent-to-distribute issue directly. The language, quoted here in full, reads: "Contrary to page 3 of the Government's motion, the issue of the accused's lack of criminal intent to distribute the controlled substance is the sole issue of the accused's trial defense: good faith reliance/entrapment by estoppel." T.R. Tab 51. The use of the colon before "good faith reliance/entrapment by estoppel" clarifies the argument. *See* M. Shertzer, *The Elements of Grammar* 93 (1986) (colon precedes restatement or explanation of idea); K. Gordon, *The Well–Tempered Sentence* 61 (1983) (colon used to introduce part of sentence that explains, restates, or explains preceding part). Thus, Reyes' "lack of criminal intent" defense was based on the idea that a good-faith belief that he was acting under the authority of the CIA should exonerate him even if his conduct was otherwise unlawful. As we note above, *Rosenthal* forecloses Reyes' "CIA-authority" defense; and we do not believe the trial brief asserts the separate defense of Reyes' lack of intent to pass cocaine to

others, even to CIA agents. Considering the broad statutory definitions of "deliver," "delivery," "distribute," and "distributor," we doubt that Reyes' no-intent-to-distribute defense, even *if* asserted, would have been persuasive.[6] This may explain why Reyes' trial counsel failed to assert it.

Plain talk by lawyers is necessary for clear understanding by judges. "Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." *Clark v. Lindley Motor Co.,* 126 Kan. 419, 268 P. 860, 861 (1928) (quoted in *United States v. Madruga,* 810 F.2d 1010, 1014 n. 7 (11th Cir.1987)). In arguing against the government's motion to exclude evidence, Reyes' trial counsel made a lengthy, fact-oriented argument to the effect that Reyes believed that CIA involvement precluded his conduct from being criminal. It requires imagination to find here—based on a single line in a pretrial motion, unsupported by any part of a lengthy oral argument on that motion in district court—an entirely different defense: that is, that Reyes had no intent to pass cocaine to others. As Reyes' presented his defense to the district court, he—*at most*—hinted at a no-intent-to-pass-the-cocaine-on argument. As we have stated, "[w]e decline to add the duty to interpret imaginatively what lawyers say to the long list of responsibilities of magistrates and other trial judges." *Madruga,* 810 F.2d at 1014.

■ We reject the use of plain error in this case to reverse the trial court's judg-

---

5. Briefly stated, entrapment by estoppel may apply when a government official incorrectly tells a defendant that certain conduct is legal and the defendant reasonably believes the official. In such a case, the government's and the defendant's reliance on that statement may operate to estop the government from convicting the defendant. *See United States v. Tallmadge,* 829 F.2d 767 (9th Cir.1987). Under the public authority defense, the defendant says that his actions were taken under color of public authority. *See United States v. Rosenthal,* 793 F.2d 1214, 1236–37 (11th Cir.1986).

6. *See* 21 U.S.C.A. § 802(8) (West Supp.1990) ("The terms 'deliver' or 'delivery' mean the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship."); *id.* at § 802(11) ("The term 'distribute' means to deliver (other than by administering or dispensing) a controlled substance or listed chemical. The term 'distributor' means a person who so delivers a controlled substance or a listed chemical.").

ment. First, we stress that the doctrine is to be applied sparingly, or the rule about the need to preserve errors for appeal by timely objection in the trial court will be swallowed by the plain error exception. Second, by its terms, recourse may be had to the doctrine "only on appeal from a trial infected with error so 'plain' that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982); *see also United States v. Gerald*, 624 F.2d 1291, 1299 (5th Cir.1980) ("plain error is error which is both 'obvious and substantial'.... The plain error rule is not a run-of-the-mill remedy. The intention of the rule is to serve the ends of justice; therefore, it is invoked 'only in exceptional circumstances [where necessary] to avoid a miscarriage of justice.' ") (quoting *Eaton v. United States*, 398 F.2d 485, 486 (5th Cir. 1968)).

■ We see no plain and obvious error. Here, the government motion to exclude evidence sought to bar the public authority defense: that if Reyes thought he was acting pursuant to CIA authority, his conduct was not intended to be criminal and could not violate the law. The government filed no motion asking the court to bar Reyes from presenting evidence that he never intended to distribute—that is, to pass to others as opposed to hold or to use himself—cocaine. In a similar manner, the district court's order in this case did not bar Reyes from arguing or from presenting evidence that he had no intent to distribute cocaine. Instead, the order was limited to the defense of public authority and the related estoppel defense. Because the district court did not exclude evidence of Reyes' lack of intent to distribute, we cannot say that the court plainly erred by excluding such evidence.

The district judge stressed that he wanted Reyes to preserve an appeal on all the issues that Reyes wished to preserve. The judge also told Reyes that he would allow proffers during the trial to ensure that Reyes could perfect his record for appeal and sharpen the issues as Reyes saw fit.

Reyes' counsel made no proffers before or during trial about Reyes' lack of intent to distribute.

AFFIRMED.

BRIGHT, Senior Circuit Judge, dissenting:

Hector Enrique Reyes–Vasquez appeals his conviction and ten-year prison sentence for possession of cocaine with the intent to distribute, arguing that he is entitled to a new trial because the trial court improperly excluded testimony demonstrating that he lacked the intent to distribute cocaine. The majority holds that Reyes–Vasquez's failure to raise this issue before the trial court bars appellate review. The record demonstrates, however, that Reyes–Vasquez raised the issue before the trial court, both actually as well as inferentially. Accordingly, no bar should exist to appellate review of this issue. In any event, the trial court's erroneous ruling in effect prevented Reyes–Vasquez from presenting his only defense, and we can review the trial court's ruling as plain error.

The district court granted the Government's pretrial motion to prohibit Reyes–Vasquez from testifying about his role in an alleged CIA operation designed to catch Colombian terrorists. The court ruled that under *U.S. v. Rosenthal*, 793 F.2d 1214 (11th Cir.), *modified on other grounds*, 801 F.2d 378 (11th Cir.1986), *cert. denied*, 480 U.S. 919, 107 S.Ct. 1377, 94 L.Ed.2d 692 (1987), Reyes–Vasquez's mistaken belief that the CIA authorized him to deal in cocaine did not present a legally cognizable defense. On appeal Reyes–Vasquez raises a separate issue. He contends that his testimony should have been admitted for an entirely different purpose—to demonstrate that he did not intend to distribute the cocaine, but instead intended only to use it to lure Colombian terrorists into his home as part of a CIA operation. According to the majority, Reyes–Vasquez did not raise this argument below and the trial court did not prohibit testimony to this effect. A review of the record demonstrates otherwise.

The Government's motion in limine to preclude any reference to the CIA brought the trial court's attention to the issue of

lack of specific intent. In its motion the Government stated: "It is important to note that the defendant is not contending ... that he did not have the intent to distribute the controlled substance as charged in the indictment." Motion In Limine at 3. This statement strongly suggests that the Government recognized that Reyes–Vasquez's version of the facts supported a lack of specific intent defense. Reyes–Vasquez responded that *"[c]ontrary* to page 3 of the Government's motion, the issue of the accused's lack of criminal intent to distribute the controlled substance as charged in the indictment *is the sole issue* of the accused's trial defense...." Notice of Supplemental Authorities Regarding Opposition to Government's Motion In Limine at 1 (emphasis in original).

In addition to these specific references to the lack of specific intent, defense counsel raised the issue inferentially. In a long rambling statement at a pretrial hearing, defense counsel indicated that Reyes–Vasquez sought to testify that at the time of his arrest CIA agents stationed outside his house were about to enter and apprehend Amato, Portel and Correa, who were suspected as Colombian terrorists, but that the agents abandoned the operation when they realized that a DEA operation was in progress.[1] Transcript, Vol. 1, at 3–17, 34–43. While defense counsel primarily discussed Reyes–Vasquez's mistaken belief that he had been authorized by the CIA to engage in this undercover operation, the obvious import of the alleged factual scenario was that Reyes–Vasquez could not have intended to distribute the cocaine if the CIA was supposed to break up the transaction before the buyer (Amato) walked away with the cocaine. Indeed, as noted above, the record suggests that the Government recognized that a lack of specific intent defense could apply to this set of facts. Moreover, defense counsel's response to the court's ruling demonstrates that he understood the ruling to be a flat prohibition on testimony concerning the alleged CIA operation: "I have no defense now, given Your Honor's rulings."[2] Transcript, Vol. 1, at 46.

While Reyes–Vasquez's testimony was not relevant as it related to a defense of mistaken belief of official authorization, Reyes–Vasquez was nevertheless entitled to testify to facts which, if believed, would have negated the existence of the specific intent to distribute cocaine. *See United States v. Juan,* 776 F.2d 256, 258 (11th Cir.1985). However unlikely Reyes–Vasquez's proffered testimony may seem, it was emphatically the province of the jury, not the trial court or the appellate court, to decide whether to believe Reyes–Vasquez.

The majority's opinion harks back to the olden days of the law in this country, as reflected in musty and now unopened volumes of appellate reports, where the litigant would lose on appeal, no matter the justice of the claim, simply because the lawyer failed to dot every "i" and cross every "t." Federal courts are busy tribunals, but not so busy that in the absence of a razor-sharp, specific objection the defendant will lose his otherwise valid appeal. It seems to me that Reyes–Vasquez's counsel painted with a sufficiently broad brush to notify the Government and the trial court that Reyes–Vasquez's testimony would support a defense of lack of specific intent to distribute the cocaine.

Even assuming arguendo that Reyes–Vasquez did not raise the lack of intent defense at trial, this court should review the trial court's ruling for plain error. Fed.R.Crim.P. 52(b). "Plain error is error which, when examined in the context of the entire case, is so obvious that failure to

---

1. The trial court accepted this statement of facts as an offer of proof. Transcript, Vol. 1, at 17; Vol. 2, at 73–74.

2. Counsel's understanding of the ruling was reasonable, given that the Government's motion in limine sought

> to preclude the defendant from presenting or eliciting any testimony or evidence at trial in support of his claim of association with the

Central Intelligence Agency or that in engaging in the activity for which he has been indicted he acted with the authorization of, or at the behest or direction of the CIA or any person employed by or action [sic] for the Central Intelligence Agency, in that such evidence is immaterial, irrelevant, and fails to constitute a legally cognizable defense.

Motion In Limine at 4.

notice it would seriously affect the fairness, integrity, and public reputation of the judicial proceedings." *United States v. Butler,* 792 F.2d 1528, 1535 (11th Cir.) (citing *United States v. Russell,* 703 F.2d 1243, 1248 (11th Cir.1983)), *cert. denied,* 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986). It is hornbook law that a "mistake of fact or law is a defense when it negatives the existence of a mental state essential to the crime charged." W. LaFave & A. Scott, Jr., 1 *Substantive Criminal Law* § 5.1, at 575 (1986) (footnote omitted). On these facts, the trial court should have recognized that Reyes–Vasquez's defense raised lack of the specific intent to distribute the cocaine.

Needless to say, the trial court's failure to recognize an obvious and essential legal defense in a one-issue case goes directly to the fairness and integrity of the proceedings. This court should review the merits of the appeal and correct the trial court's error. Otherwise, Reyes–Vasquez goes to jail under a ten-year sentence after a one-sided trial where the judge barred him from exercising his fundamental and constitutional right to testify on his own behalf.

I dissent.