[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13691

_____

D. C. Docket No. 03-03239-CV-TWT-1

DENNIS FITZGERALD,

Plaintiff-Counter
Defendant-Appellant,

versus

ROBERT BERINGHAUS, individually
and in his representative capacity,
ALL-STAR AUTOMOTIVE GROUP, LLC, a
Georgia limited liability company,

Defendants-Counter
Claimants-Cross
Defendants,

SHELLEY BERINGHAUS,
individually,

Defendant-Cross
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(August 3, 2006)**

Before BIRCH and CARNES, Circuit Judges, and TRAGER,[*] District Judge.

PER CURIAM:

Dennis Fitzgerald appeals (1) the denial of his motion for partial summary judgment on his fraudulent transfers claim against Robert and Shelley Beringhaus and (2) the entry of summary judgment for Shelley Beringhaus on her cross-motion for summary judgment on that claim. On appeal, Fitzgerald advances a new theory of "two transfers" that was not raised below in his motion for summary judgment. We decline to review this new theory because it is not properly before us, and we AFFIRM the judgment of the district court with regard to Fitzgerald's fraudulent transfer claim.

## I. BACKGROUND

We adopt the following background information from the district court's order dated 13 April 2005.

_____

[*] Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff Dennis Fitzgerald and Defendant Robert Beringhaus ("Mr. Beringhaus"), citizens of Colorado and Georgia respectively, formed two limited liability companies, Bering Motors, LLC and All-Star Automotive Group, [LLC] ("All-Star"), in connection with the purchase and operation of two automobile dealerships in the metro-Atlanta area. Fitzgerald's primary role was to provide capital to open the dealerships, while Mr. Beringhaus provided capital and served as the manager of each company. In March 2001, Fitzgerald and Mr. Beringhaus formed All-Star. The parties executed an operating agreement and members' agreement. Pursuant to the terms of the members' agreement, Mr. Beringhaus was obligated to purchase Fitzgerald's interest in the company through a series of annual buy downs, or repurchase obligations. Beginning on May 1, 2002, and concluding on May 1, 2005, Mr. Beringhaus was personally obligated to repurchase 200,000 units of Fitzgerald's membership interest each year for $1.00 per unit. On May 1, 2002, Mr. Beringhaus repurchased 200,000 membership units for $200,000.00. However, he failed to repurchase Fitzgerald's interest in 2003 and 2004. In addition, he indicated that he would not repurchase any additional membership units in 2005. Fitzgerald then filed this suit for breach of contract. [The district court] entered partial summary judgment in Fitzgerald's favor in the amount of $600,000, based on Mr. Beringhaus's breach and anticipatory repudiation of the All-Star Members' Agreement.

In addition to his claims for breach and anticipatory breach of contract against Mr. Beringhaus, the Plaintiff assert[ed] a claim for fraudulent transfer against Mr. Beringhaus and his wife, Defendant Shelley Beringhaus ("Mrs. Beringhaus"). During a four-day period in September of 2003, Mr. Beringhaus wrote a number of checks to cash drawn on an All-Star account. In total, nine checks were written for a total amount of $411,000.00. The cash from the All-Star account was then given to Mrs. Beringhaus. During this same period of time, Mr. Beringhaus authorized two wire transfers from an All-Star account, one for $325,000.00 and another for $860,000.00, to the Beringhaus's personal joint account. Fitzgerald contends that these cash and wire transfers rendered All-Star and Mr. Beringhaus insolvent and were done for the purpose of avoiding Mr. Beringhaus's debt arising out of the breach of the All-Star Members' Agreement. Thus, he asserts that

the transfers constitute fraudulent transfers from Mr. Beringhaus to Mrs. Beringhaus, in contravention of the Georgia Uniform Fraudulent Transfers Act, O.C.G.A. § 18-2-70 et seq. Fitzgerald move[d] for partial summary judgment on this claim as to both defendants. Mrs. Beringhaus cross-move[d] for summary judgment on this claim.

R8-88 at 2-4 (citations and footnote omitted).

In that order, the district court granted Mrs. Beringhaus's cross-motion for summary judgment on Fitzgerald's fraudulent transfers claim, and denied Fitzgerald's motion for summary judgment on that same claim. Under O.C.G.A. § 18-2-74(a), "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation" and one of two listed conditions are satisfied. The district court stated that:

Fitzgerald bases his fraudulent transfer claim on transfers made from All-Star accounts. Thus, All-Star, not Mr. Beringhaus, was the transferor of funds. Despite repeated references to the fact that the funds were transferred out of All-Star accounts, Fitzgerald asserts that any distinction between Mr. Beringhaus and All-Star is immaterial.

R8-88 at 5. Referencing the law on limited liability companies, such as All-Star, the court noted that "the transfer of money from the All-Star accounts, although physically performed by Mr. Beringhaus, was an action of All-Star." Id. at 6. The district court concluded that "Fitzgerald's claim fails for two reasons: (1) Fitzgerald lacks standing to assert the claim because he has failed to establish a debtor-creditor relationship with the transferor [All-Star]; and (2) the property transferred was property of All-Star, not Mr. Beringhaus." Id. at 5.

4

On 21 April 2005, Fitzgerald filed a motion for reconsideration, which the district court denied on 6 May 2005. On 15 June 2005, the district court entered final judgment for Mrs. Beringhaus against Fitzgerald in her cross-motion for summary judgment.[1] On 5 July 2005, Fitzgerald filed a notice of appeal, designating the 15 June 2005 judgment for Mrs. Beringhaus on her cross-motion for summary judgment and the related 13 April 2005 order.

## II. DISCUSSION

On appeal, Fitzgerald argues that the district court erred in granting Mrs. Beringhaus summary judgment because it ignored the fact that there were two sets of transfers: the first, when All-Star, through Mr. Beringhaus, distributed $1,596,000 from All-Star accounts to Mr. Beringhaus; and the second, when Mr. Beringhaus transferred that money to Mrs. Beringhaus. Before we can proceed to the merits of this argument, we must first determine whether Fitzgerald raised this "two-transfers" theory below, and, if so, in what motions it was raised. We also must determine what motions have been appealed to us. There are two groups of memoranda and motions at issue: (1) those relating to Fitzgerald's motion for summary judgment and Mrs. Beringhaus's cross-motion for summary judgment

---

[1] On 17 June 2005, the district court entered final judgment for Fitzgerald against Mr. Beringhaus on his motion for partial summary judgment on the contract claim, which is not before us on appeal.

5

and (2) those relating to Fitzgerald's motion for reconsideration. We address those relating to the motion for reconsideration first.

While Fitzgerald, who is represented by counsel, clearly raised the "two-transfers" theory in his motion for reconsideration, he does not raise the issue of the denial of his motion for reconsideration in his initial brief on appeal.[2] Because Fitzgerald does not raise the issue of the denial of his motion for reconsideration on appeal, we will not review it. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) (holding that issues not raised in the initial brief on appeal are deemed abandoned); see also Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("Any issue that an appellant wants the Court to address should be specifically and clearly identified in the brief . . . . Our requirement that those claims an appellant wishes to have considered on appeal be unambiguously demarcated stems from the obvious need to avoid confusion as to the issues that are in play and those that are not." (quotations and citations omitted)

---

[2]In his "Statement of Issue" in his initial brief on appeal, Fitzgerald frames the issue only as "[w]hether the district court erred when it denied Fitzgerald's motion for partial summary judgment on his fraudulent transfers claim . . . [and,] instead, granted Defendant['s] . . . cross motion for summary judgment on that claim." Appellant's Br. at 1. In his "Standard of Review" in his initial brief on appeal, Fitzgerald states only that he "appeals the district court's denial of his motion for summary judgment on his fraudulent transfers claim and grant of summary judgment for Mrs. Beringhaus on that claim." Id. at 10.

(emphasis added)). While Fitzgerald briefly mentions the denial of his motion for reconsideration in his reply brief, Appellant's Reply Br. at 8, that does not provide us with the grounds to review this issue. See United States v. Smith, 416 F.3d 1350, 1352 n.1 (11th Cir.) (explaining that the prudential rule of declining to consider issues not raised in a party's initial brief is "well-established" in our circuit), cert. denied, __ U.S. __, 126 S. Ct. 784 (2005).

Thus, we consider only those antecedent memoranda and motions relating to the denial of Fitzgerald's motion for summary judgment and the grant of Mrs. Beringhaus's motion for summary judgment on that claim. We review de novo the denial or grant of a motion for summary judgment. See Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006). Because Fitzgerald conceded during oral argument and in his brief on appeal[3] that the first transfer from All-Star to Mr. Beringhaus was not fraudulent under O.C.G.A. § 18-2-74(a), we need not review the lawfulness of that transfer.

In reviewing whether Fitzgerald raised the issue of a second transfer, it is improper for us to re-characterize on appeal the arguments made by Fitzgerald in his motion for summary judgment by reference to his motion for reconsideration.

---

[3]"The[] distributions/transfers from All-Star to Mr. Beringhaus constituted the first set of transfers. . . . The[] transfers from Mr. Beringhaus to Mrs. Beringhaus constituted the second set[] of transfers, and were the ones subject to being voided as fraudulent by Fitzgerald." Appellant's Br. at 15.

7

Cf. David,134 F.3d at 475 ("[W]e must measure the petitioner's current argument against that limned in [the] motion [for post-conviction relief] and advanced before [the district court], not by reference to the theory that he belatedly surfaced in his request for reconsideration."). We have closely examined Fitzgerald's motion for summary judgment and its related memoranda, R6-60-1, his response to Mrs. Beringhaus's motion for summary judgment, R7-73, and his reply memorandum, R8-77, in addition to other relevant materials in the record. In so doing, we conclude that Fitzgerald did not clearly raise the issue of a second transfer before the district court, and, therefore, we will not consider his "two-transfers" theory on appeal. At best, any references to a second transfer from Mr. Beringhaus to Mrs. Beringhaus are ambiguous. Unfortunately for Fitzgerald, that is not good enough. See United States v. Reyes-Vasquez, 905 F.2d 1497, 1500 (11th Cir. 1990). "Plain talk by lawyers is necessary for clear understanding by judges. Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." Id. (quotations and citations omitted); see also United States v. Madruga, 810 F.2d 1010, 1014 (11th Cir. 1987)

8

("We decline to add the duty to interpret imaginatively what lawyers say to the long list of responsibilities of magistrates and other trial judges.").

## III.  CONCLUSION

Because Fitzgerald conceded that the transfer of funds from the All-Star account to Mr. Beringhaus was not a fraudulent transfer under Georgia law and because Fitzgerald has not properly raised the issue of a second transfer either below or on appeal, we will not disturb the judgment of the district court.

**AFFIRMED.**