[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16062
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00030-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL REED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 12, 2010)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Michael Reed appeals his 57-month sentence for conspiracy to

distribute, and possession with intent to distribute, a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. On appeal, Reed argues that the district court committed procedural error under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), by failing to explain its sentence adequately and by misapprehending its own authority to consider his community-support evidence under the statutory factors. Reed also argues that his sentence is substantively unreasonable because he presented ample mitigating evidence that, when considered with the statutory factors, supported a lower sentence. Reed further argues that his sentence was unreasonable because it resulted in an unwarranted sentencing disparity between himself and his more culpable codefendant and that sentencing disparities also existed between himself and similarly situated defendants nationwide. He claims that the statistics demonstrate the district court engaged in reverse discrimination by penalizing him more harshly because he was well-educated and had a successful medical career. Reed finally argues that the district court's refusal to consider his community-support evidence rendered his sentence substantively unreasonable.

## I.

We review the reasonableness of sentences imposed under the advisory Sentencing Guidelines under an abuse-of-discretion standard. *Gall v. United*

2

*States*, 552 U.S. 38, 56, 128 S. Ct. 586, 600, 169 L. Ed. 2d 445 (2007).  We first review a sentence for procedural reasonableness to ensure that the district court committed no significant procedural error, such as improperly calculating the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence.  *Id*. at 51, 128 S. Ct. at 597.  In relevant part, § 3553(a) provides that a sentencing court "shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1).  The statute specifically provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person . . . which [the sentencing court] may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661; *see also United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (noting that, "after *Booker*, 'courts may still consider relevant facts concerning a defendant's background, character, and conduct' when imposing a reasonable sentence.") (quoting *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006).  The burden of establishing unreasonableness lies with the party challenging the sentence.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In relevant part, 18 U.S.C. § 3553 requires the district court to "state in open

3

court the reasons for its imposition of the particular sentence[.]" 18 U.S.C. § 3553(c). Accordingly, a sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007). A sentencing judge is not required to state expressly on the record which, if any, § 3553(a) factors were considered in determining a sentence. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the [statutory] factors in section 3553(a) is sufficient under *Booker*." *Talley*, 431 F.3d at 786; *see also Rita*, 551 U.S. at 358, 127 S. Ct. at 2469 (holding that a brief explanation of the sentencing decision was sufficient, in part, because the record showed that the district court considered the defendant's supporting evidence).

However, in order to preserve an issue for appeal, the defendant must "raise that point in such clear and simple language that the trial court may not misunderstand it." *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (internal quotation marks omitted); *see United States v. Reyes-Vasquez*, 905 F.2d 1497, 1500 (11th Cir. 1990) ("Plain talk by lawyers is necessary for clear

understanding by judges."). We review arguments raised for the first time on appeal only for plain error. *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id*. at 1244-45 (quoting *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002)). In plain-error review, the defendant bears the burden to prove that his substantial rights were affected. *United States v. Monroe*, 353 F.3d 1346, 1352 (11th Cir. 2003).

We review Reed's challenge to the district court's sentencing explanation for plain error only. Because Reed did not object in the district court, we thus conclude from the record that the district court satisfied the requirements of § 3553(c), and accordingly, committed no error, plain or otherwise, in its explanation of Reed's sentence.

The district court abused its discretion to the extent that it declined to consider Reed's evidence of community support, based on a belief that such evidence could not be considered under the statutory factors. However, the district court's misapprehension of its own authority to consider the community-support evidence is not a "significant procedural error." *Gall*, 552 U.S. at 51, 128 S. Ct. at

5

597. Accordingly, Reed's sentence is procedurally reasonable.

## II.

If the district court's sentence is procedurally sound, we next evaluate whether the sentence imposed by the district court is substantively reasonable and achieves the purposes of sentencing under 18 U.S.C. § 3553(a). *Talley*, 431 F.3d at 788. While a sentence may be substantively unreasonable if the court ignores relevant factors, it is not necessarily unreasonable because the sentence must be examined based on the totality of the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1192, 1192 (11th Cir. 2008). Further, the weight accorded to the various factors is in the discretion of the district court, and we will not second guess the exercise of that discretion as long as the sentence imposed is reasonable under the totality of the circumstances. *Id*. at 1191. Thus, a defendant's personal disagreement with the district court's assessment of one or more of the factors will not be sufficient reason to vacate as unreasonable a district court's careful consideration of the § 3553(a) factors. *See United States v. Valnor*, 451 F.3d 744, 752 (11th Cir. 2006). Reasonableness review is deferential, and if a district court imposes a sentence within the advisory guideline range, "we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

District courts should not use § 3553(a)(6), which states that courts should

consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, to adjust the sentence of a codefendant. *United States v. Chotas*, 968 F.2d 1193, 1197-98 (11th Cir. 1992). Rather, § 3553(a)(6) applies in order to cure unwarranted disparities between the defendant and all similar offenders in other cases. *Id*. at 1198. Thus, disparity between sentences imposed on codefendants is generally not an appropriate basis for relief on appeal. *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

We conclude from the record that Reed's 57-month sentence is substantively reasonable under the totality of the circumstances. Reed's 57-month sentence is within the guideline range, is well below the statutory maximum of 40 years' imprisonment, and achieves the purposes of sentencing under § 3553(a). Accordingly, we affirm Reed's sentence.

**AFFIRMED.**