[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12462

_____

D.C. Docket No. 1:14-cv-23654-KMW

EVELIA BUENO,

Plaintiff – Appellant,

versus

USCIS KENDALL FIELD OFFICE, Director,
USCIS,
U.S. ATTORNEY GENERAL,
U.S. Department of Justice,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2020)

Before JORDAN, JILL PRYOR, and WALKER,[*] Circuit Judges.

PER CURIAM:

The policies of recent U.S. administrations toward Cuban immigration have evolved significantly from the policy that prevailed during the 1990s. Evelia Bueno, a Cuban immigrant who arrived in the United States in 1994 but did not apply for citizenship until 2012, learned this in a very personal way when her petition for citizenship was denied by the United States Citizenship and Immigration Service in 2013. USCIS ruled that Ms. Bueno had procured entry into the United States by fraud, and therefore had not lawfully entered the United States in 1994, rendering her ineligible for citizenship. It made this determination despite the fact that, over 15 years earlier, the Immigration and Nationality Service had adjusted Ms. Bueno's status to that of lawful permanent resident and had never found that she had committed fraud in the course of her adjustment of status. Not surprisingly, Ms. Bueno sued USCIS in federal court.

Ms. Bueno appeals the order of the district court granting summary judgment in favor of USCIS. Unfortunately, she has both abandoned a key argument on appeal (by not including it in her briefs) and has waived another central argument on appeal (by failing to raise it before the district court). We decline to overlook these pleading

---

[*] The Honorable John M. Walker, Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

deficiencies to grapple with the complicated substantive questions that this case presents, and therefore affirm.

## I

In 1994, Ms. Bueno, a Cuban national, boarded a flight in Paris, France that was ultimately bound for Panama after a United States layover.  Ms. Bueno never made it to Panama, instead cutting her trip short at the flight's layover in Miami.  The airline was participating in the transit without visa ("TWOV") program, which permitted aliens traveling from one foreign country to another to proceed through the United States without a passport or visa during U.S. layovers between their flights.  The TWOV program barred airlines from permitting Cuban nationals to board a participating flight.  So, in order to board the Paris-to-Miami leg of her trip, Ms. Bueno presented a ticket and a photo-switched Costa Rican passport with a false name to airline officials in Paris.  Upon arriving in the United States, Ms. Bueno presented her authentic Cuban passport to U.S. immigration officials, and told them how she boarded the plane in France.  She never presented the Costa Rican passport in the United States.  Nor did she present herself under a false identity.  Immigration officials paroled Ms. Bueno under 8 U.S.C. § 1182(d)(5), using her true name and identity, pending exclusion proceedings.

In March of 1995, an immigration judge found Ms. Bueno excludable from the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for lack of valid entry

3

documents, but not for fraud or willful misrepresentation associated with her arrival. During the exclusion proceedings, Ms. Bueno requested permission to pursue relief under the Cuban Adjustment Act of 1966, 8 U.S.C. § 1255, and apply to adjust her status to that of a legal permanent resident, with no objection from the INS. While this application was pending, she was paroled a second time under 8 U.S.C. § 1182(d)(5) for purpose of her adjustment of status under the CAA, and was ultimately admitted for permanent residence in September of 1996.

In 2012, Ms. Bueno filed a petition for naturalization with USCIS. USCIS denied the petition, determining that she had not been lawfully admitted for permanent residence under 8 U.S.C. § 1429 because she committed fraud under 8 U.S.C. § 1182(a)(6)(C)(i) by using the TWOV program to travel to and remain in the United States.

After the denial was administratively affirmed, Ms. Bueno filed a federal complaint challenging USCIS' determination and seeking review of her petition for naturalization. The parties jointly moved for the district court to decide the case on summary judgment in lieu of trial, but the district court denied an early round of summary judgment motions with leave to amend in order to allow Ms. Bueno to take additional discovery. The court's order authorized Ms. Bueno to take discovery on the number of Cuban nationals who had arrived in the Southern District of Florida via the TWOV program from 1994 to 2004, and who had then applied to adjust

4

immigration status to lawful permanent resident.  It also allowed her to take discovery on whether and when these applicants disclosed their use of TWOV and the government's decisions in each application, as well as on information regarding Ms. Bueno's own status adjustment application process.

At the close of discovery, the parties again filed cross-motions for summary judgment.  The only question at issue was whether the undisputed facts made Ms. Bueno ineligible for naturalization.  The district court summarized the results of Ms. Bueno's discovery, which showed that of the 370 Cuban nationals who entered the United States at Miami International Airport between 1994 to 2004 through the TWOV program, 361 were approved to adjust to legal permanent resident status. The government maintained that these applications were granted in error, but the district court disagreed.  The clear inference to be drawn from the discovery results, it held, was that the government had a "longstanding practice of approving [legal permanent resident] applications for Cuban nationals under the CAA, even when they entered the United States through the TWOV program." D.E. 100 at 6.  Despite this finding, the district court ultimately granted summary judgment for USCIS, concluding that although Ms. Bueno did not procure *entry* by fraud, her use of the TWOV status constituted the procuring of an "other benefit" by fraud or misrepresentation under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(C)(i), rendering her ineligible for naturalization.

## II

A district court reviews the denial of an application for citizenship *de novo*. *See* 8 U.S.C. § 1421(c). We review the district court's grant of summary judgment *de novo*. *See Ward v. U.S. Att'y Gen.*, 608 F.3d 1198, 1200 (11th Cir. 2010). Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, a court considers all record evidence, "including depositions, documents, electronically stored information, affidavits or declarations, . . . or other materials." *See* Fed. R. Civ. P. 56(c)(1)(A).

## III

In order to succeed on a petition for naturalization, an alien must meet the statutory requirements for citizenship set out in 8 U.S.C. § 1427. *See Reganit v. Sec'y, Dep't of Homeland Sec.*, 814 F.3d 1253, 1257 (11th Cir. 2016) (citing *Fedorenko v. United States*, 449 U.S. 490, 505–06 (1981)). One of these requirements—and the only one at issue between the parties here—is that Ms. Bueno was "lawfully admitted for permanent residence in the United States." 8 U.S.C. § 1427(a). As the party applying for naturalization, Ms. Bueno bears the burden of showing compliance with this requirement and eligibility for citizenship. *See Berenyi v. Dist. Dir., Immigration & Naturalization Serv.*, 385 U.S. 630, 637 (1967).

Being "lawfully admitted for permanent residence" under the INA means "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20). *See also Reganit*, 814 F.3d at 1257 ("To be 'lawfully admitted for permanent residence,' an alien's adjustment to lawful permanent resident status must have been 'in compliance with the substantive requirements of the law.'") (quoting *Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1313–18 (11th Cir. 2006)). At the time of Ms. Bueno's adjustment of status to legal permanent resident, the INA provided that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or entry into the United States or other benefit provided under this chapter" was inadmissible. *See* 8 U.S.C. § 1182(a)(6)(C)(i).

The district court determined that Ms. Bueno's use of a fraudulent Costa Rican passport to participate in the TWOV program constituted an "other benefit" under the INA's fraud exclusions, making her ineligible for citizenship. Ms. Bueno does not directly challenge this holding on appeal. Instead, she argues that the district court should have afforded deference to the de facto policy of prior government administrations, under which TWOV Cuban nationals were regularly admitted for permanent residence. USCIS responds to the deference argument and also addresses the application of the "other benefit" label to the TWOV program. We do not need

7

to resolve these difficult substantive questions, however, because Ms. Bueno has both failed to make a key argument challenging the district court's interpretation of "other benefit" on appeal and has presented another argument—one based on deference to administrative agencies—for the first time on appeal and without properly raising it in the district court.

As to the first, abandoned argument—that TWOV does not constitute an "other benefit" under 8 U.S.C. § 1182(a)(6)(C)(i)—Ms. Bueno neither explicitly challenges the district court's holding nor makes any effort to interpret the statutory language to argue that TWOV is not an "other benefit."  "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  *See also Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013) (stating that the merits of a claim are deemed abandoned and will not be addressed when a party fails to adequately raise an issue by "specifically and clearly identif[ying] it in its opening brief").  More than merely failing to challenge the district court's finding on the "other benefit" language, Ms. Bueno acknowledges that USCIS' interpretation that TWOV is an "other benefit" is reasonable.  She recognizes that both *Ymeri v. Ashcroft*, 387 F.3d 12 (1st Cir. 2004), and *Kurt v. U.S. Att'y Gen.*, 252 F. App'x 295 (11th Cir. 2007), upheld a finding of

8

inadmissibility under similar circumstances pursuant to the "other benefit" prong of § 1182(a)(6)(C)(i).  We abstain from making a substantive ruling on a district court determination that Ms. Bueno has not contested—even where, as here, the government addresses the argument.

As to Ms. Bueno's deference argument, which is the crux of her appeal, Ms. Bueno waived the argument by failing to properly raise it below.  Ms. Bueno now contends that former government administrations interpreted BIA case law—not the INA itself or any regulation—to allow TWOV Cuban nationals to obtain legal permanent resident status rather than conclude that use of TWOV by Cubans qualified as fraud.  She argues that we should afford deference to this prior policy irrespective of the district court's and USCIS' current "reasonable" interpretation of the "other benefit" language.

We agree with the district court on this record that there was a clear de facto policy.  Given the numbers involved, the government's assertion that the Cuban nationals' applications were consistently approved "in error" is astonishing and borders on the disingenuous.  Nevertheless, Ms. Bueno's deference-based argument was wholly absent from her summary judgment briefing, and we therefore do not address it on appeal.

We ordinarily refrain from considering issues not raised in the district court and raised for the first time on appeal.  *See Blue Martini Kendall, LLC v. Miami*

9

*Dade Cty. Fla.*, 816 F.3d 1343, 1349 (11th Cir. 2016) (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004)).  Combing the summary judgment briefing for any hint of this deference argument, we can find only the vaguest references to deference and "respect" or "esteem" for the former administrations in Ms. Bueno's summary judgment reply—and these mentions are unexplained and unsupported by any legal authority.  *See* D.E. 93 at 7, 9.  These vague allusions are not enough to preserve an issue for appeal.  *See Goode v. Carpenter*, 922 F.3d 1136, 1149 (10th Cir. 2019) ("[V]ague, arguable references to a point in the district court proceedings do not preserve the issue on appeal because such perfunctory presentation deprives the trial court of its opportunity to consider and rule on an issue in any detail.") (citation and internal quotation marks omitted).  Perhaps the best indicator that Ms. Bueno's deference argument was not properly raised below is that the district court did not acknowledge or address it.  *See United States v. Reyes Vasquez*, 905 F.2d 1497, 1500 (11th Cir. 1990) (noting, in a criminal case, that "[i]f [a litigant's] point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal.").  Although we have some discretion to consider arguments not raised below, we do not lightly deviate from the standard rule and do not think doing so is warranted here.

**IV**

Ms. Bueno has abandoned the argument that use of the TWOV program is not an "other benefit," and has waived her deference argument by asserting it for the first time on appeal.  Because of these deficiencies, we do not address the difficult questions implicated in this case, and affirm the district court's order granting summary judgment in favor of USCIS.

**AFFIRMED.**